## John Norris v. T. N. Rhodes.

A petition for *certiorari* to remove a cause from a Justice's to the District Court, is not amendable.

The case of Gunter v. Willis deciding the same question, cited and approved.

See this case for a petition for *certiorari*, deficient in that certainty which is desirable, yet held sufficient as showing merits that entitled the applicant to the benefits of the writ.

The District Court decided the original petition for *certiorari* to be insufficient, allowed it to be amended, and rendered judgment on a trial *de novo* for petitioner, which being assigned as error by the appellant, although this court held that the court below erred in adjudging the original petition insufficient, and also in allowing an amendment to it, yet, the result of the ruling having been the same as that reached by this court, namely, to maintain the writ of *certiorari*, the judgment is therefore affirmed.

APPEAL from Nacogdoches.    Tried below before the Hon. A. W. O. Hicks.

Rhodes instituted a suit before a justice of the peace, against Norris; judgment was rendered against the plaintiff with costs of suit.    The plaintiff thereupon applied for and obtained a writ of *certiorari*, to remove said cause to the District Court; the petition alleged the defendant was justly indebted to plaintiff in the sum of seventy-four dollars and fifty cents, due by account; that he instituted the suit before the justice on the fourth day of April, 1857, and that the judgment as stated above was rendered against him on the sixth day of June, 1857.    The petition alleged that the plaintiff resided in the county of Anderson, in the town of Palestine, distant from the justice's court in Nacogdoches county, about eighty miles; that he was actively engaged in the practice of medicine; that his family was then sick, and by reason thereof and his constant practice as a physician, when the condition of his own family allowed, for several days before and at the time of the trial aforesaid, he was not able to attend at the said justice's court, nor to take the requisite steps to procure the evidence which he otherwise could have adduced to support his account.    Also, that a portion of his account could only be established by his own oath, and for the reasons stated, he was unable to attend and prove said account as to those items.    Wherefore, he failed to prove his account at the trial, or to attend thereat.

The defendant moved to dismiss the *certiorari*, for the reasons following:

That the petition does not allege that the plaintiff could not have procured an agent to attend for him at the trial; nor that he had intended to attend on said trial, had the obstacles mentioned by him not existed; because no diligence by the plaintiff to procure any of his evidence is shown; and because it does not appear that he made application for a new trial, or had any excuse for a failure so to do.    The motion was sustained; leave granted the plaintiff to amend.    The plaintiff filed an amended petition, in which he set forth the account sued on; stated that he was not represented on the trial, adduced therefore no proof; stated the evidence given by a witness for the defendants; alleged that he would have

Norris v. Rhodes.

attended at said trial, but for the sickness of his family; and various details in respect to general allegations in the original petition. The contents of the amendment under the view taken of the case by the court, need not be stated.

The defendant moved to dismiss the case from the docket, and to strike out the amended petition, because the motion to dismiss the writ of *certiorari* had been sustained, and that more than ninety days had then elapsed since the rendition of the judgment by the justice, and because the petition for *certiorari* could not be amended. The court overruled the motion. Verdict of jury was rendered for the plaintiff for the amount of the account on a trial *de novo*, and judgment against the defendant accordingly.

The appellant assigned as error the ruling of the court on the motion to dismiss the case, and to strike out the amended petition.

*Richard S. Walker*, for the appellant.

*W. C. Pollock* and *T. J. Jennings*, for the appellee.

WHEELER, C. J.—In Gunter v. Willis, we have recently decided that a petition for a *certiorari* is not amendable. It is unnecessary therefore, to re-examine that question. But it remains to consider, in this case, whether the proceeding was not maintainable upon the original petition; and we are of opinion that it was. The facts are not set out with the certainty which is desirable. But the petition shows with reasonable certainty, we think, that the plaintiff had a good cause of action, and that he was prevented from attending the trial and procuring the attendance of witnesses to make out his case by proof, by the sickness of his family. The distance of the place of trial from the residence of the plaintiff, we think a very material circumstance to help out the case made by the petition; and on the whole we think it sufficient. In sustaining the amended petition, the court arrived at the same result which would have been reached had the court sustained the original petition, which we think the court might well have done. There is therefore no error of a character to require a reversal of the judgment, and it is affirmed.

Judgment affirmed.