JULIUS DUFOUR, Respondent, v. MICHAEL S. MEPHAM *et al.*,
Appellants.

1. A warehouseman is answerable if he deliver the goods bailed to a person
not entitled to demand them.

*Appeal from St. Louis Court of Common Pleas.*

Benjamin & Co. deposited goods with defendants, and took
a warehouse receipt; they afterwards transferred the goods
to the plaintiff; the receipt was returned and a new one
given by the defendants to the plaintiff, who held the goods
as collateral security for a debt of five hundred dollars. De-
fendants removing from their store, left these goods with
some of their own, and Benjamin & Co. afterwards obtained
them. The plaintiff, after demand, sued for the goods.

The defendants answered that they had used diligence;
that Benjamin & Co. obtained the goods without their know-
ledge or consent; that they had used the same care as of
their own goods.

At the trial, the court gave the following instructions at
plaintiff's request:

"If the jury believe from the evidence in the cause that de-
fendants received from plaintiff forty barrels of Bourbon
whisky on storage, at regular rates, and to be delivered to
plaintiff on demand; that the same was demanded from de-
fendants by plaintiff, and that plaintiff offered to pay the
usual storage, and that defendants failed or refused to deliver
the same, then they must find for the plaintiff, notwithstand-
ing they believe that plaintiff held the same as security for a
debt due him by M. T. Benjamin & Co.; and the jury will
assess the damages at what the whisky was worth, with inter-
est from the time it was demanded, if the plaintiff was the
owner of it; but if the plaintiff only held the whisky as a
security for a debt said M. T. Benjamin & Co. owed him,
and if the whisky was delivered to said Benjamin & Co., the
jury will assess the damages at the amount of said debt and

interest, not exceeding, of course, the value of the whisky, and interest on that value from the time above specified.

"The jury will fix the date and amount of the loan from Dufour to Benjamin & Co. as well as they can from the evidence before them, and will allow interest from that date."

The defendants then asked the court to give the following instructions, which were refused, to which refusal the defendants excepted :

"The jury are instructed that a warehouseman or depositary of goods for hire is bound only for ordinary care, and is not liable for loss arising from accident, where he is in no default; and he is not in default when he exercises due and common diligence. Therefore, if they find that the whisky in question was stored by the defendants in a fit and suitable place, and that they exercised the same care and attention over it that they bestowed upon their own goods, or that any prudent party would have done in regard to his own property, and that, notwithstanding said care and attention, said whisky was taken away, or stolen out of their custody, through no fault of theirs, the said defendants are not liable in this action, and the jury will find for them.

" A warehouseman is only bound to take the same care of goods as of his own, and if they be stolen or embezzled by his servants, without gross negligence on his part, he is not liable, and the burden of showing negligence rests on the plaintiff. Therefore, unless the jury find that the goods were not lost through the negligence of the defendants, or of their agents, while acting within the proper discharge of their duty as such agents, the plaintiff can not recover, and they will find for the defendants.

" Notwithstanding the goods were lost or stolen, if the jury find that they were not lost through any negligence of the defendants, then the defendants are entitled to claim for storage of said goods whatever sum the jury may find to have been the usual rates for storage at that time.

" If the jury find that the whisky in question was given by Benjamin & Co. as collateral security only for a debt of five

hundred dollars that they owed the plaintiff, Dufour, then said indebtedness is a limit beyond which the plaintiff can not recover, (if he can recover at all,) no matter whether the whisky was worth more than that sum or not.

"To make a master or employer liable for damages resulting from the trespass of his servant, it must appear that the servant was in the course of his employment, and that by an injudicious, negligent or unskilful act done in furtherance of his master's business, the injury resulted to the plaintiff. But if the servant wilfully, and, to effect some design of his own, does an injury to another, the master or employer will not be liable. Therefore, unless the jury find that the goods in question were lost through the negligence of the defendants, or of their agents, acting within the sphere of their duty, then the plaintiff can not recover, and they will fnd for the defendants.

"A warehouseman is bound only to ordinary care, and is liable only for ordinary neglect, and the plaintiff can not recover upon the mere proof of the loss of the articles entrusted to the defendants. He must give some evidence of the want of care in the defendants, or their servants."

*Minor*, for appellants.

The court erred in refusing the instructions asked by defendants, as they contain the law declared by repeated adjudications. (Finucane v. Small, 1 Esp. R. ; Califf v. Danvers, Peake, N. P. 155 ; Garside v. Trent Nav. Co., 4 T. R. 581 ; Foot v. Storrs, 2 Barb. Sup. Co. 329 ; Schmidt v. Blood, 9 Wend. 271 ; Owens v. Geiger, 2 Mo. 35 ; Douglas v. Stephens, 18 Mo. 367 ; Rey v. Toney, 24 Mo. 367 ; Ross v. Clark, 27 Mo. 549 ; Jones on Bail. 97, n. 51 ; Story on Bail. § 402–409.)

*Sanders & Holliday*, for respondent.

I. Delivery to the wrong person does not show a loss. (Edwards on Bail. 288 ; 9 Wend. 268 ; 2 Barb. 326 ; 2 Denio, 643.) As to the rule of damages : if the plaintiff

claim the property converted merely by a lien to secure a debt, he recovers only the amount of the debt, because that is the measure of his interest, if the defendants have any interest or title at all.    (2 Parsons on Cont. 476 ; 1 Sand. 248 ; 7 Con. 670 ; 8 Wend. 445 ; 12 S. & M. 223 ; 6 Ala. 245 ; 2 C. & R. 264.)    But if the defendant be a mere stranger, the plaintiff has a title to the whole as against him, and recovers the whole value. (15 Conn. 302 ; 5 Binney, 457 ; 6 Ga. 530.)

BATES, Judge, delivered the opinion of the court.

Goods were deposited by Benjamin & Co. with Mepham to keep for them.    Subsequently, Benjamin & Co. transferred the goods to Dufour, and surrendered to Mepham their warehouse receipt, who then issued another receipt to Dufour for the same goods.    Mepham removed from the warehouse in which these goods were stored to another, but left these goods (and some of their own) in the old warehouse, and the person who succeeded them in the possession of the warehouse delivered the goods to Benjamin & Co.    Dufour, having demanded the goods, sued Mepham for their non-delivery, who set up the facts as above stated as an excuse.

This is not a case of the negligence of the warehouseman, but of a delivery to the wrong person.    Either Mepham voluntarily abandoned the possession and care of the goods, leaving them to be taken by whoever might choose to do so, or the person who succeeded Mepham in the warehouse must be considered as the agent of Mepham, and his wrongful act in delivering the goods to Benjamin & Co as Mepham's act.

Judgment, having been given for the plaintiff, is affirmed. Judges Bay and Dryden concur.