## WEAR v. GLEASON.

1. INN-KEEPER : *Liability for baggage.*

    A guest severs his personal connection with a hotel by surrendering his room and
    paying his bill. And as to baggage which he subsequently delivers to the pro-
    prietor, to be held either as a pledge for money borrowed or for accommoda-
    tion, the extraordinary liability incident to the relation of inn-keeper and guest
    does not arise.

2. BAILMENT : *Negligence : Delivery of goods to third person.*

    Where the gratuitous bailee of a chattel delivers it to a stranger, without effort to

Wear v. Gleason.

verify the latter's claim thereto, and without inquiring as to its ownership, he is-
guilty of such negligence as will make him liable for the value of the property,.
if the delivery is to the wrong party.

APPEAL from *Pulaski* Circuit Court.

J. W. MARTIN, Judge.

Wear, Boogher & Co. brought this action against L. D.
Gleason, to recover the value of a trunk and its contents, left.
at the defendant's hotel by John R. Boddy, the traveling sales--
man of the plaintiffs. The complaint alleges that the trunk
was left with the defendant as inn-keeper, and that as such he
agreed to hold it and deliver it to Boddy on demand; but that.
he negligently and wrongfully delivered it to a third person,,
by whom it was carried away, and that it was thus wholly lost.
to the plaintiffs. The answer denies that the trunk was left.
with the defendant as inn-keeper, or that he negligently de-
livered it to any one not entitled to it. The evidence shows.
that Boddy was a guest at the defendant's hotel on the 19th
day of August, 1887. After paying his bill, he asked the de-
fendant to loan him $25.00 on the security of the trunk referred
to, which he stated to the defendant that he was going to leave
at the hotel. The defendant replied that he would lend the-
sum requested, but that he wanted no security for it. Boddy
then gave the defendant his due bill for $25.00, and received
from him that sum. The defendant offered to give a check for-
the trunk, which Boddy declined. Before leaving he gave his
railroad check to the defendant, and the latter sent a porter
to the railroad depot and got the trunk. Some time afterwards,
a man called at the hotel, and pointing out Boddy's trunk,.
which was in the hall, said it was his, and that he wanted it.
sent to the railroad baggage room to be checked. The de-
fendant sent the trunk to the baggage room of the depot, as:
requested, and it has not been heard of since. The court re-
fused to instruct the jury that the defendant held the trunk as.
an inn-keeper. The verdict was for the defendant, and a new-
trial having been refused the plaintiffs, they appealed.

*U. M. & G. B. Rose*, for appellants.

1. When one becomes a guest at an inn, and upon leaving allows his baggage to remain with the consent of the host, the latter continues to hold the baggage as an inn-keeper until it is called for, or until a reasonable time for its removal has elapsed. *41 Ga., 65; S. C. 5 Am. Rep., 524; 9 Pick., 280; 2 Daly 102; 2 Sd. Ray, 866.* When property is entrusted to a bailee of any description, and is not produced upon demand, the burden is upon him to account for the loss. *11 Cush., 70; 14 Allen, 448; 7 Cow., 497; 10 Watts, 335; 22 La. Ann., 415.*

2. Every bailee, whether gratuitous or for hire, is bound to deliver the bailment to the bailor, or rightful owner, and it is no excuse for him to say that he has delivered it by mistake to another. *Edwards on Bailments, 2d ed., secs., 99, 162; Story Bailments, sec. 450; 4 Barb., 361; 9 id., 176; 4 Wend., 613; 6 Bush., 251; 20 La. Ann., 297; 31 Mo., 577; 35 Ala., 209; 1 Caldwell, 372; 25 Texas, 655; 55 Barb., 188.* Even if Gleason was a mere gratuitous bailee, he was liable for *gross negligence, supra.*

*Sanders & Watkins*, for appellee.

1. The court correctly charged the law as to inn-keeper and guest, and where the relation ceases, in the first instruction asked by defendant. *Edwards on Bailment, p. 393; Schouler on Bailments, sec. 298; 60 Miss., 822; 22 Fla., p. 627; 26 Vt., 330; 2 Lea, 312.*

2. The evidence does not make out a case of *gross negligence*, sufficient to render a gratuitous bailee liable. *Edwards Bailm., pp. 44, 105.*

3. Appellant was guilty of contributory negligence in not taking a check.

INN-KEEP-
ER:
Liability
for bag-
gage.

PER CURIAM. There is no evidence to show that Gleason received the trunk in the capacity of inn-keeper. Boddy had severed his personal connection with the hotel by surrendering his room and paying his bill before the trunk was delivered

Wear v. Gleason.

to Gleason. It was subsequently delivered to him either un-
der an understanding that it should be held as a pledge for
money loaned by him to Boddy or only for the accommodation
of Boddy. In neither case would the extraordinary liability
incident to the relation of inn keeper and guest arise. *Bishop
Non Contract Law, secs. 1172, 1180.*

If the defendant became a gratuitous bailee, or depositary
without reward, for the accommodation of Boddy, as the jury
might well have found from the evidence, he was not answer-
able except for gross neglect. His only excuse for his failure
to deliver on demand the trunk deposited with him was that
he had delivered it to a third person who claimed it as his own.
But by delivery to a third person, the bailee deals with the
subject of the bailment in a manner not warranted by the un-
derstanding between the parties, and thereby commits a wrong-
ful act for which he becomes liable. As to whether an honest
mistake by a gratuitous bailee in the identity of the owner, or
of the property, made after the exercise of care on his part,
would excuse him, is not presented by the facts in this case.
The delivery by Gleason was made to an apparent stranger
without an effort to verify his claim to the property and with-
out inquiry as to its ownership. He thus manifested a culpa-
ble indifference to the safety of the property committed to
his care, which, according to all the authorities which have
come to our notice, makes him answerable for the value of the
goods. *Schouler Bailment, secs. 117, 118; Edward's Bailment,
sec. 99; ib., sec. 162; Nelson v. King, 25 Tex., 625; Dufour v.
Mepham, 31 Mo., 577; Coy Kendal v. Eaton, 55 Barb., 193;
Willard v. Bridge, 4 ib., 361.*

In view of this fact the evidence does not warrant the ver-
dict, and the judgment will be reversed and the cause re-
manded for a new trial.

It is so ordered.