TOMBLER *v.* KOELLING.

Opinion delivered December 15, 1894.

*Bailment—Negligence of bailee.*

 A bath house keeper who gave a check to a bather for valuables left in his custody and delivered them to another who had stolen the check, will be liable for their value, notwithstanding the bather was guilty of negligence in permitting the check to be stolen, where, if he had looked at the person who presented the check, he would have known that he was not entitled to receive them.

Appeal from Garland Circuit Court.

ALEXANDER M. DUFFIE, Judge.

STATEMENT BY THE COURT.

The appellee had been bathing at the bath house owned by appellant Tombler, in the city of Hot Springs, for about three weeks, depositing his watch, chain, a railroad ticket and money at the bath house office daily with appellant Clark, and receiving a metallic check from Clark, the superintendent or manager of the bath house; when one day, depositing these articles as usual with Clark, he received a check for them, which he put in a pocket in his clothes, entered the bath house, disrobed, hung his clothes on a hook in the bath room, took a bath, and went into a hall to cool off, and shortly afterwards returned to the bath room, got his clothing, and went to the bath room office, and presented a check

for his property left with Clark, who handed him some-
thing corresponding to the check, which he declined to
receive, it not being the property he had left with Clark.
Some one else had presented his check to Clark, and
received the property of the appellee, and had substitu-
ted another check for appellee's while his clothing were
hanging in the bath room. Clark says he told the
appellee that he would have to be "very careful with his
check and other matters." He admitted that he knew
the appellee and his watch and chain well, and further
says: "If I had looked at the party who presented the
check, I would have known that he was not entitled to
the package." There were two dressing rooms to each
bath tub, and there was access from one to the other and
from each to the bath tub. Another man was in one of
these rooms when the appellee was in his, and he knew
it. There was an attendant on the bath rooms, one
attendant having six rooms and three bath tubs to attend
to, going from one to another. It was about ten o'clock
in the morning, and many bathers were at the bath
house. The appellee recovered a judgment for the value
of his property, from which the appeal pending here was
taken.

No exceptions to the instructions given in this case
were saved in appellant's motion for new trial, and they
were therefore abandoned. Four were asked on the part
of the appellant, which were refused. They are as fol-
lows: "(1) The court instructs the jury that if they
believe from the evidence that the plaintiff, after having
secured a check from the manager of the bath house,
went into his bath room, and took his bath in a room
that was adjoining another room, and that such adjoin-
ing room was so situated that any person bathing in
said room had access to the room that plaintiff was bath-
ing in, and that plaintiff knew this, and, after taking
his bath, he left his room, and went out into the hall of

the bath house, and left the clothes in his bath room, they will find that said plaintiff in so acting was guilty of such negligence, and of such acts that the defendants cannot be held responsible for anything that occurred during the absence of the plaintiff from his bath room, and they will find for the defendants. (2.) The court instructs the jury that if they believe from the evidence that the plaintiff left his bath room in a nude condition, and went into the halls of the bath house, and left his clothes, with the check therein, in such a position that the same could be reached by persons bathing in adjoining room, and while out of his room he lost his check, they will find that the defendant cannot be held for this act of negligence on the part of the plaintiff; and they will find for the defendants. (3.) The court instructs the jury that if they believe from the evidence that the plaintiff was informed, at the time he commenced bathing at the bath house, that packages would be delivered upon the return of the check given at the office, it becomes the duty of plaintiff to take care of the check, and to see that the same was not lost or stolen or mislaid; and if, after receiving the check, the plaintiff so placed the check that the same was substituted by some designing party, and the check was presented and the package delivered thereon, they will find that the defendants are not responsible for the loss and substitution of the check. (4.) The court instructs the jury that if they believe from the evidence that the plaintiff was informed by the manager, Clark, that he must be careful while in the bath room, and that all kinds of men and characters were liable to be bathing in the bath house, and that the plaintiff bathed at the bath house three weeks, and had opportunity of seeing the parties who bathed at said bath house, he was required to exercise the necessary care and control over his clothes

and their contents as a prudent person would exercise under the same or similar circumstances."

*G. G. Latta* for appellants.

The negligence of the plaintiff is such that he cannot recover in this case. 19 So. Car. 24; 15 Am. & Eng. R. Cas. 414; Bish. Non-Cont. Law. 438; Smith on Neg. 14; Story on Bailments, p. 23; 23 Ark. 61; 5 Ind., 131; 27 *id*. 483; Am. & Eng. Enc. Law, pp. 52, 54 and notes; 141 Mass. 561. In the light of these authorities, the court erred in its charge to the jury.

*G. W. Murphy* for appellee.

Appellants were not gratuitous bailees, and, on their own testimony, they are liable as bailees for a consideration. 52 Ark. 364; 150 Pa. St. 91; 122 N. Y. 539; 10 L. R. A. 481.

HUGHES, J., (after stating the facts.) This is a case of bailment for a consideration received by the bailee, who was bound to exercise ordinary care and diligence to preserve and restore the property delivered by the bailor to the bailee, or to some one who was authorized by the bailor to receive it. The property was not so delivered by the bailee, but was delivered to another, who was not authorized to receive it. The bailee knew the bailor and his property well, and testified: "If I had looked at the party who presented the check, I would have known he was not entitled to the package." The check was a means of identification of the property, but was no evidence that the owner of the property had parted with his title to it, or that he had authorized its delivery to any one who might present the check, though not entitled to receive it.

Where property is committed to the custody of a bailee for safe keeping, it is the bailee's duty to use ordinary care and diligence to keep the property safely, and

if it is lost through the failure on his part to do so, he is liable. A negligent delivery of the property by him to another, whereby it is lost to the owner, will not relieve him from liability. Had the bailee not previously known the bailor and the property, there might have been some excuse for delivery of the property to the person who presented the check for it, though he was not entitled to receive it; but such a case is not presented or decided here.

It seems that, though the bailor was not as prudent as he ought to have been, yet the bailee might have avoided the loss by the exercise of ordinary care, which is such care as a prudent man would exercise, under like circumstances, to protect his own interest. The instructions numbered one, two and three, refused, ignored the negligence of the superintendent, Clark, and were properly refused. The fourth, refused, does not seem objectionable, but the refusal of it was not prejudicial, as the evidence clearly shows that the property was lost through the want of ordinary care upon the part of the bailee.

The judgment is affirmed.