CRESON v. WARD.

Opinion delivered February 18, 1899.

1. CONVERSION—WAREHOUSEMAN.—One who sells the goods of another stored in his warehouse for safe-keeping is liable for their conversion. (Page 210.)

2. PRINCIPAL AND AGENT—RATIFICATION.—The son of a warehouseman, assuming to act as his father's agent, but without his knowledge, sold goods of another stored for safe-keeping, and directed the purchaser to pay the purchase price to his father. The latter, when informed, made no objections to the sale, and accepted part of the price from the purchaser. Held that the son's unauthorized acts were ratified. (Page 211.)

Appeal from White Circuit Court.

HANCE N. HUTTON, Judge.

STATEMENT BY THE COURT.

W. L. Creson was the owner of a lot of second-hand clothing, consisting of overcoats, coats and vests. With the consent of R. A. Ward, Creson placed this clothing in the warehouse of Ward for safe-keeping. Nothing was said as to whether Creson was to pay Ward for the storage of the goods or not, but Ward told Creson that the warehouse leaked, and that if the goods were put in the house they would have to be put there at his risk.

Afterwards Oran Ward, a son of appellee, during his father's absence, sold the goods of Creson to one Sam Vaughan for thirty dollars and fifty cents. Creson afterwards demanded possession of his goods from Ward, and, Ward refusing to return the goods, Creson brought this action to recover their value. On the trial he testified that when he demanded the goods of defendant he replied that he had forgotten who the owner was, and had sold them, and offered him the price for which they sold,—five dollars in cash and balance when collected. Oran Ward testified that during the absence of his father he was having the warehouse cleaned up, and discovered these

14

goods. They were, he said, of little value, and, supposing that the owner had abandoned the same, he sold them. He told Vaughan, the purchaser, to pay his father, R. A. Ward, for the goods. His father did not know he was going to sell the goods, and he was not, he says, in the employ of his father; but he says: "I sold the goods on Friday or Saturday, and informed my father on Monday afterwards that I had sold them. He did not say anything when I told him I had sold the goods."

The appellee, R. A. Ward, testified in part as follows: "I never did make any effort to have the goods returned when Oran told me he had sold them. I did not think I had anything to do with the goods then, as they had been sold. These goods I tender here are part of the same goods. I don't know whether I could have had all the goods returned or not at the time Oran told me he had sold them. * * * I did not tell Creson that I sold the goods. I did tell him that I would pay him for them; that I would pay five dollars then, and the balance when I collected it." Vaughan, the purchaser of the goods, paid five dollars of the purchase price to R. A. Ward, and agreed to pay balance. The testimony as to the value of the goods was conflicting; some of the witnesses estimating their value at several hundred dollars, while others said they were of little or no value. There was a verdict and judgment for defendant.

*J. P. Roberts*, for appellant.

Appellee was guilty of gross negligence in making no effort to have the goods returned. Cooley, Torts, 630; 95 U. S. 441; 36 Ark. 607. The court's instructions were erroneous, and the cause should be remanded. 16 Ark. 308; 25 Ark. 487.

*S. Brundidge*, for appellee.

No gross negligence is shown, and appellee, being a gratuitous bailee, was liable only for gross negligence. 23 Ark. 61; Hale, Bailments, 61; Pars. Cont. 89.

RIDDICK, J., (after stating the facts.) This is an action for conversion of goods. It is admitted that plaintiff, Creson, left his goods for safe-keeping in the warehouse of defendant, R. A. Ward, by permission of Ward. Afterwards Oran Ward,

a son of defendant, not knowing to whom the goods belonged, and supposing that they had been abandoned, sold them. Whether the son was the agent of his father or not, the evidence clearly shows that he was assuming to act for his father. The goods were in his father's warehouse, and he directed the purchaser to pay the purchase price to his father. The goods were sold to a brother of Ward's clerk, and Ward was informed of the sale in a few days after it was made. He made no objection, accepted a part of the proceeds, and intended to collect the balance. He thus ratified the sale by his son. The act of the son amounted to a conversion, and this, by ratification, became the act of the father. 1 Am. & Eng. Enc. Law (2d Ed.), 1185; *Wear* v. *Gleason*, 52 Ark. 364.

Although the goods may have been of little value, they were certainly worth the price which defendant received for them, and plaintiff is entitled to recover that sum, if no more.

For want of evidence to support the verdict, the judgment is reversed, and a new trial ordered.

BUNN, C. J., and WOOD, J., dissent on ground that evidence was sufficient to support the verdict.