STRANGE v. PLANTERS' GIN COMPANY.

Opinion delivered February 2, 1920.

1. BAILMENT—GIN RECEIPT.—A gin company's receipt for cotton ginned by it, merely stating the owner's name and the number and weight of the bale, did not of itself constitute a contract between the parties.

2. BAILMENT—GRATUITOUS BAILEE.—Where a gin company permitted its customers to leave cotton ginned by it in its gin yard, so that they would not have to haul it back home or find a storage place until they sold it, and issued receipts therefor in order that they might identify their cotton, it was a gratuitous bailee and not liable for loss unless guilty of gross negligence.

3. APPEAL AND ERROR—REQUEST FOR PEREMPTORY INSTRUCTION—EFFECT.—Where both parties asked a peremptory instruction, and no other instruction, the court's finding of facts was conclusive as the verdict of a jury.

Appeal from Miller Circuit Court; *George R. Haynie*, Judge; affirmed.

Peter Davis brought separate suits in the circuit court against the Planters' Gin Company and the Garland Gin Company to recover the value of five bales of cotton claimed to have been lost in the gin yards of the defendants.

The facts in the two cases being the same, the suits were consolidated and tried together. The plaintiff had five bales of cotton ginned by the defendants and received from the defendants a receipt for each bale so ginned. It is claimed that these receipts constituted a contract of bailment for hire, and they are the basis of the two suits.

The defendants denied that the tickets constituted a contract of bailment for hire, but alleged that they were issued solely for the benefit of the customers for the purpose of identifying their cotton. Peter Davis died, and the suits were revived in the name of a special administrator of his estate.

A. McLane, a tenant on the farm of Peter Davis, carried a bale of seed cotton to the Planters' Gin Company and had it ginned. The gin company issued to him the following receipt:

"Planters' Gin Company. 10-5-17. For A. McLane. Gin No. 229. Weight 580. York, Weigher."

McLane turned the receipt over to Peter Davis. Four other bales of cotton were carried from the farm of Peter Davis to the gin of the defendants, and, after they had been ginned, similar receipts were issued, which were also turned over to Peter Davis. After the cotton was ginned it was left in the gin yards of the defendants. When Peter Davis wished to sell the cotton, he went to the gin yards of the defendants to get it and found the cotton had been lost. The defendants refused to make good the loss. Hence this lawsuit.

On the part of the defendants it was shown that these receipts were given to the customers for the purpose of identifying their cotton which had been ginned by the defendants. After the cotton was ginned it was

rolled out on the cotton yard of the defendants, and the customers could go there and get the cotton at any time without any demand or notice to the defendants. The cotton was weighed and tagged by the defendants, and these receipts were given to the customers solely for the purpose of identifying the cotton. The cotton after it was ginned was left in the yards of defendants until the customers came and hauled it away. There was a fence around the gin yards to keep out the stock, and the gates to the yards were kept closed for the same purpose.

Both parties asked for peremptory instructions, and the court instructed the jury to return a verdict for the defendants.

*M. E. Sanderson,* for appellant.

It was sufficient under the facts for appellant to show a delivery of the cotton and a failure to return it to entitle him to recover. The relation of bailor and bailee was established, and when appellees issued the tickets they accepted the sole custody of the cotton and it became their duty to exercise due care and diligence to protect and keep it. 134 Ark. 76. The court erred in directing a verdict for appellees.

*Will Steel,* for appellees.

1. The tickets did not constitute contracts of bailment but were mere identification tickets. 134 Ark. 76 is not in point. 107 Ark. 76.

2. There is no bill of exceptions in this case. 109 Ark. 124.

HART, J. (after stating the facts). Counsel for the plaintiffs claim that the defendants were bailees for hire and that the court erred in instructing a verdict for the defendants. They rely on the case of *Phoenix Cotton Oil Co.* v. *Pettus & Buford,* 134 Ark. 76, in which the court held that a bailee for hire in exclusive possession of the property must explain its loss before it devolves upon the bailor to show that it was lost through the bailee's negligence. We cannot agree with counsel in this conten-

tion, and think that the receipts are essentially different in the two cases. In that case the bale of cotton contained the number and the gin weight for identification as in the present case, but it also contained the following: ''On return of this ticket properly endorsed we will deliver one bale of cotton ginned for P. & B. & S. Hunt.'' This receipt was signed by the manager of the gin company. It will be observed that the holder of the receipt or ticket was required to present it to the gin company before he could obtain possession of the bale of cotton. Because the customer could not acquire possession of the cotton without presenting the receipt, the court held that the receipt was contractual in its nature and established the relationship of bailor and bailee for hire between the parties.

In the case at bar there is nothing in the receipt itself to show that it constituted a contract between the parties. The evidence for the defendants shows that it was given to the customer for his benefit solely in order that he might identify his cotton and take it away from the gin without any demand or notice to the defendants. It is true that the customers were permitted to leave the cotton on the gin yards of the defendants, but this was done for their sole benefit so that they would not have to haul the cotton back home, or find a storage place for it until they were ready to sell it. Under this state of the record the defendants were gratuitous bailees. The liability of a bailee without reward for lost goods intrusted to him depends upon whether he was guilty of gross negligence. *Gulledge* v. *Howard*, 23 Ark. 61; *Wear* v. *Gleason*, 52 Ark. 364, and *Baker* v. *Bailey*, 103 Ark. 12.

The evidence shows that the cotton was left on the gin yards of the defendants solely for the accommodation of the plaintiff, and the jury would have been warranted, under the evidence as disclosed by the record, in finding that the defendants were not guilty of gross negligence in regard to keeping the cotton. Both parties asked for peremptory instructions and did not ask for any other instructions. Where both parties ask the court

for a peremptory verdict and request no other instruction, the finding of the court is final and has the same effect as the verdict of a jury. *Hill* v. *Kavanaugh,* 118 Ark. 134; *Ozark D. M. Corp.* v. *Townes & Garanflo,* 117 Ark. 552; *Nutt* v. *Fry,* 119 Ark. 450, and *St. L. S. W. Ry. Co.* v. *Mulkey,* 110 Ark. 71.

It follows that the judgment must be affirmed.