ROLLINS *v*. EAST ST. LOUIS COTTON COMPANY.

Opinion delivered May 17, 1920.

1. BAILMENT—LIABILITY OF GRATUITOUS BAILEE.—Where cotton, after being ginned and baled, was left by the owner on the ginner's platform without storage charge or other consideration, the fact that the ginner issued a receipt for the cotton to the owner and agreed to allow it to be covered by a blanket insurance carried by the ginner did not constitute the latter a bailee for hire.

2. BAILMENT—LIABILITY OF GRATUITOUS BAILEE.—A gratuitous bailee is responsible for goods intrusted to him only when they are damaged or lost through his gross negligence.

Appeal from Greene Circuit Court; *R. H. Dudley,* Judge; affirmed.

*Luna & Bratton,* for appellant.

Under the evidence adduced appellee became a bailee for hire and held to the highest degree of care to care for the cotton. This case is controlled largely by 134 Ark. 76. As to the degree of care required, see 3 R. C. L., p. 23. The finding and judgment should be reversed and judgment entered here for appellant. 103 Ark. 15. It was error to direct a verdict for appellee, as there was evidence sufficient to take the case to a jury. 89 Ark. 368; 135 *Id.* 544; 136 *Id.* 133; 3 A. & E. Enc. L. (2 ed.), p. 744.

*Block & Kirsch,* for appellee.

The court properly instructed a verdict. 134 Ark. 76, was an entirely different case. 101 Ark. 76. See *Strange* v. *Planters Gin Co.,* 142 Ark. 100; 186 S. W. 289. There was n issue for a jury and the court properly directed a verdict.

HUMPHREYS, J. Appellant instituted suit against appellee before a justice of the peace in Greene County, by filing a statement of account against appellee for one bale of cotton weighing 574 pounds, of the value of $166.46. Appellant recovered a judgment before the magistrate for said amount, from which judgment an appeal was prosecuted to the Greene Circuit Court, where the cause was tried *de novo.* At the conclusion of the evidence, the court, on its own motion, peremptorily instructed the jury to return a verdict for appellee. Upon return of the verdict, the court rendered a judgment dismissing the complaint of appellant. From the judgment of dismissal, an appeal has been duly prosecuted to this court.

The evidence disclosed that appellant brought a load of seed cotton to Paragould, in the fall of 1918, to sell. He met Claude Bratcher, who was the manager of appellee's gin in said city and who purchased cotton for appellee, and tried to sell the cotton to him. Not being satisfied with the price, at the instance of Bratcher, he took the cotton to appellee's gin with the understanding that, after being ginned and baled, it would be covered with appellee's blanket insurance and might remain there until the price enhanced or the gin closed down. Chris Shane was in control of the office at the gin, and, after the bale of cotton was ginned and set on the platform, appellant paid for the baling and Chris Shane placed an identification ticket on the bale of cotton and gave appellant a duplicate thereof, which ticket of identification is as follows: "Delivery of bale of cotton bearing number shown on reverse this ticket is hereby accepted, and East St. Louis Cotton Oil Company released from all further re-

sponsibility. Frank Rollins, Owner." On the reverse side of the ticket appeared, "107, Paragould, Ark." Appellant admitted signing the ticket placed on the bale of cotton, but denied signing the one he received; thinks it was signed by Chris Shane. He could read. He put it in his pocket and retained it until he brought this suit. The purpose of the ticket was to identify the cotton, and appellant had a right to come and get his cotton without presenting the ticket to appellant or its agents. There was evidence adduced tending to show that, subsequent to this time, appellant got a sample of the cotton and tried to dispose of it, but could not get his price, and was told by Claude Bratcher that he might leave it there for safe keeping until cotton advanced in price or the gin closed down. On or about the 8th day of January, thereafter, appellant again tried to sell his cotton and was informed that it was not to be found. Search was made for it on the books of the purchasers and shippers of cotton from the gin, without avail. Appellant testified that he did not get it.

It is contended by appellant, under this record, that appellee became a bailee for hire with the right to the exclusive possession of the cotton and must have, on that account, explained the loss thereof before it devolved upon appellant to show that it was lost through appellee's negligence. Appellant insists that the case is ruled by *Phoenix Cotton Oil Co.* v. *Pettus & Buford,* 134 Ark. 176. We think the facts in the instant case fail to bring it within the rule announced in that case. The receipt issued in that case was signed by the manager of the gin company and constituted a contract of bailment, the effect of which was to place the bale of cotton in the exclusive possession of the Phoenix Cotton Oil Company, and to prevent the owners of the cotton from getting it without first presenting the receipt. The rule announced in the case of *Phoenix Cotton Oil Company* v. *Pettus & Buford,* *supra,* grows out of the fact that a bailee having exclusive possession of property can more easily account for

its disposition than could the bailor. Unless the exclusive possession is in the bailee, it would be no easier for him to account for its loss than for the bailor.

In the instant case, the receipt is quite different and does not constitute a contract. The ginning and baling of the cotton had been paid for and the receipt was one signed by the owner, acknowledging that he had received the cotton from the ginner, and a duplicate of the receipt was attached to the bale of cotton so that the owner might be able to identify it when he sold or hauled it away. Under the evidence in the instant case, the appellant could dispose of it or get it without presenting the receipt to the appellee. The cotton was left on the platform by appellant without paying storage charges, and, for the special benefit of appellant, was covered by the blanket insurance carried by appellee. The mere fact that it was covered by the blanket insurance policy of appellee did not give appellee the exclusive possession or control over it. Under the facts in the case, we think appellee was a gratuitous bailee and not a bailee for hire with exclusive control over, or possession of, the cotton. A gratuitous bailee is only responsible for goods intrusted to him when the goods are damaged or lost through his gross negligence. *Gulledge* v. *Howard*, 23 Ark. 61; *Wear* v. *Gleason*, 52 Ark. 364; *Baker* v. *Bailey*, 103 Ark. 12. The instant case is ruled by *Bertig* v. *Norman*, 101 Ark. 76, and the late case of *Strange* v. *Planters' Gin Co.*, 142 Ark. 100.

No error appearing, the judgment is affirmed.