WARREN *v.* GEATER.

4-7191                                    176 S. W. 2d 242

Opinion delivered December 20, 1943.

*Buzbee, Harrison & Wright,* for appellant.

*Barber, Henry & Thurman,* for appellee.

ROBINS, J. Appellants, Zora Warren and State Farm Mutual Automobile Insurance Company, sued in the lower court to recover of appellee, T. T. Geater, the sum of $172.08, $50 for the benefit of appellant, Zora Warren, and $122.08 for the benefit of appellant, State Farm Mutual Automobile Insurance Company, for damages alleged to have been caused to Miss Warren's automobile (insured against damage in excess of $50 by appellant, State Farm Mutual Automobile Insurance Company) in a collision in the City of Little Rock, Arkansas, on November 24, 1941. Appellee denied liability. The case was tried before the lower court, a jury being waived, and, at the conclusion of appellants' evidence, appellee moved for judgment in his favor, which was granted. Appellants seek to reverse this judgment.

The evidence established this fact situation: Miss Warren, on the day the collision occurred, took her automobile to appellee's service station to have a heater installed. She had previously asked appellee about the

installation of the heater, and he had told her that he was not prepared to do this work himself, but that if she would bring her automobile in he would have the work done for her. Miss Warren had been trading with appellee at his service station ever since he opened it. Nothing was said as to where the work of installing the heater was to be done, nor in regard to the charge therefor. As to this, Miss Warren testified: "I had no understanding with Mr. Geater or anyone around the service station about the charges for installing the heater. It was my understanding that Mr. Geater would have it fixed and charge my account and I would pay him. I had all my work done through the service station, and they always took care of everything for me." While the automobile was being driven by James Cole, negro employee of appellee, to the garage where the heater was to be installed a collision between this automobile and an automobile driven by Rev. Alton J. Shirey occurred. Rev. Shirey was driving his automobile west on West Eleventh Street and Miss Warren's automobile, driven by Cole, was traveling south on Spring Street. Rev. Shirey had driven past the center of the intersection before he saw the other automobile which, according to his testimony, "was coming like a bullet," and struck his automobile before he could get out of the intersection. The amount of damages sustained by Miss Warren's automobile was not disputed, nor was it denied that the insurance company had paid her $122.08, in accordance with the provisions of the policy issued by it to her.

The lower court held that appellants were not entitled to recover because the service to be rendered by appellee in connection with having the heater installed was gratuitous.

The transaction involved in this case was not a gratuitous bailment. The testimony of Miss Warren established that she traded regularly at the filling station of appellee; that appellee looked after her automobile, and that she had all the work on her automobile done through the service station, this work being done by such parties as appellee might select, the cost of the work being paid by appellee to the persons entitled to receive same and

charged to Miss Warren on her bill. There is no intimation in the testimony that Miss Warren requested that Cole drive her car to the garage, or that she knew who would be directed by appellee to do this driving. The bailment in this case was not one for the sole benefit of the bailor, without compensation or benefit to the bailee. The practice of appellee in looking after this repair work for Miss Warren was not in the nature of a gratuity, but it was done as a part of the service appellee was rendering to his customers, which was an inducement to his customers to continue to purchase gasoline and oil from him. A service station operator renders many services to automobile owners for which he makes no specific charge, such as wiping windshields, filling radiators and inflating tires, but these services are not entirely gratuitous. The cost thereof to the station owner is taken into consideration by him when he fixes the prices of gasoline, oil and other commodities that he sells and actually collects for from his customers.

In 6 Am. Jur., p. 148, it is said: "As a general proposition it may be stated that a person is not a gratuitous bailee where the bailment is made at his instance or on his invitation because of benefits, direct or contingent, expected to accrue, or on a contract, express or implied, having a legal consideration"; and at page 150 of the same volume it is said: "In accordance with the rule stated in the preceding section, it is generally held that a bailment is for hire, although nothing is paid directly by the bailor, where it is a necessary incident of a business in which the bailee makes a profit. The bailee receives his compensation in the profits of the trade to which the bailment is an incident."

The bailment involved in this case was a bailment for the benefit of the bailor and bailee. Appellee was therefore obliged to exercise due care in handling the bailed property and is liable for damage to it caused by his negligence or that of his employee. *Union Compress Company v. Nunnally*, 67 Ark. 284, 54 S. W. 872; *Maynard v. James*, 109 Conn. 365, 146 Atl. 614, 65 A. L. R. 427; *E. R. Parker Motor Co. v. Spiegal*, 33 Ga. App. 795, 127 S. E. 797. The evidence conclusively showed that the

damage to the automobile was caused by the negligence of appellee's servant, while it was being taken from appellee's filling station to the garage where the heater was to be installed.

The lower court should have rendered a judgment in favor of appellant, Zora Warren, for $50, and in favor of appellant, State Farm Mutual Automobile Insurance Company, for $122.08, with interest on each amount from April 14, 1942, at the rate of six per cent. per annum. The judgment of the lower court is reversed and such judgment will be entered here.