CHRISTENSEN v. DADY.

5-3304    383 S. W. 2d 283

Opinion delivered November 2, 1964.

*Kenneth Coffelt,* for appellant.

*Coleman, Gantt, Ramsay & Cox,* for appellee.

ED. F. McFADDIN, Associate Justice. This appeal involves a bailment. The essential facts are practically undisputed. Appellant Christensen made a purchase at the drug store of appellee Dady at about 5:00 P.M., and the amount paid for the articles purchased was $1.64. In the course of the transaction, Christensen laid his billfold on the counter and forgot to repossess it. After Christensen's departure the clerk who had waited on him found the bill fold and delivered it to Dady, who placed it in the drawer of a filing cabinet. The next morning Christensen called Dady and learned that the billfold had been found. About 4:00 P.M. when Christensen called at the drug store for the billfold, it could not be found; and Christensen filed this action against Dady, claiming that, as bailee, Dady had failed to exercise the proper care for the protection of the bailment. Christensen testified that the billfold contained $1,040.00 in currency and also credit and identification cards.

Dady testified that he had no safe in the store; that he placed the billfold in the drawer of a filing cabinet where he kept his own papers; that he exercised the proper degree of care for the safety of the bailment; that his store had been previously burglarized; and that

578

evidently his store was burglarized again during the night and the billfold and contents taken. The police investigated the matter but found no trace of the billfold or contents. The jury verdict was for Dady, and Christensen brings this appeal and lists the following as his point on appeal:

> "The trial court in passing on the instructions offered, given and refused, committed reversible error in sending the case to the jury on the slight degree of care theory instead of the ordinary care doctrine and the gross negligence theory instead of ordinary negligence, and in failing to let the jury say whether it would serve to the benefit of both parties for Dady to take care of Christensen's property."

As to the first prong of appellant's point little need be said. The law is well settled as to the degree of care required of a gratuitous bailee[1] and the degree of care required of a reciprocal bailee;[2] and both appellant and appellee concede this to be true. The question is, what was the type of bailment that existed as disclosed by the facts of this case.

That brings us to the second prong of the appellant's point, which is that the Trial Court failed to let the jury say whether the bailment here involved was a gratuitous bailment or a reciprocal bailment. It is well recognized that when the basic facts are in dispute as to the nature of the bailment (*i.e.*, gratuitous or reciprocal), then the determination of the relationship should be left to the jury under proper instructions. *Bail* v. *Culbert*, (Ala.), 96 So. 228; *Staples* v. *Left Fork* (W. Va.), 77 S.E. 2d 872; *White* v. *Burke* (Wash.), 197 P. 2d 1008; *Hearst* v. *Cuneo* (7th Cir.), 291 F. 2d 714. See also 8 C.J.S. p.

---

[1] A gratuitous bailee is responsible for goods entrusted to him when the goods are damaged or lost through his gross negligence. See *Rollins* v. *E. St. L. Cotton Co.*, 144 Ark. 146, 221 S. W. 452; *Wear* v. *Gleason*, 52 Ark. 364, 12 S. W. 756; and *Baker* v. *Bailey*, 103 Ark. 12, 145 S. W. 532.

[2] A reciprocal bailee is responsible for goods entrusted to him when the goods are lost or damaged because of the failure of the bailee to use ordinary care and diligence. See *Bertig* v. *Norman*, 101 Ark. 75, 141 S. W. 201; *Tombler* v. *Koelling*, 60 Ark. 62, 28 S. W. 795; and *Warren* v. *Geater*, 206 Ark. 518, 176 S. W. 2d 242.

552, "Bailments" § 53. But the appellant did not offer any instruction submitting such issue to the jury.

Even if we assume that there was enough evidence introduced to allow the issue of the type of bailment to be submitted to the jury, nevertheless the appellant should have asked an instruction submitting such issue. No such instruction was requested by anyone, and the point seems to be raised here for the first time. If appellant though that the evidence made a jury question on the type of bailment, then he should have requested an instruction to that effect. One who fails to request an instruction cannot complain because it was not submitted to the jury. *Jones* v. *Seymour,* 95 Ark. 593, 130 S.W. 560; *Wallace* v. *Riales,* 218 Ark. 70, 234 S.W. 2d 199. The plaintiff should have offered a correct instruction for the Court to submit to the jury the question of the type of bailment. No such instruction was offered. Affirmed.

Robinson, J., not participating.