## McFALL CHEVROLET COMPANY
*v.* Jim COLLINS & Roma COLLINS

CA 80-334        609 S.W. 2d 118

Court of Appeals of Arkansas
Opinion delivered December 17, 1980

*Burris & Berry*, for appellant.

*Wilson & Grider*, by: *Murrey L. Grider*, for appellees.

STEELE HAYS, Judge. This dispute arises from the cancelled purchase of a new Chevrolet Blazer. Appellees purchased the vehicle from appellant on August 15, 1979, for a $2,275 down payment and monthly installments of $248.48. Appellees were dissatisfied and in December they returned the vehicle to appellant and sued to recover the down payment and the installments they had paid.

The case was tried before a jury and resulted in a verdict of $2,275 in favor of appellees. Appellant raises two issues on appeal: that there was substantial evidence to support the verdict and that the court erred in instructing the jury. We find no error.

We think the evidence is sufficient to support the verdict, but even if it were otherwise there is no need to dwell on the issue in depth, as the appellees pointed out that in order for an appellant to challenge the sufficiency of the evidence in a jury trial, he must either move for a directed verdict at the conclusion of all the evidence, move for a judgment notwithstanding the verdict, or move for a new trial because of insufficiency of the evidence. The failure to do one of these

## ERRATA

*271 ARKANSAS REPORTS at page 470*

Detach at perforation, moisten the back, and paste over the last three lines of the second full paragraph of the majority opinion on page 470 of *McFall Chevrolet Co. v. Collins:*

appeal:   that there was not substantial evidence to support the verdict and that the court erred in instructing the jury. We find no error.

three requirements precludes raising the issue on appeal. Rule 50(e)(ARCP). Here, a motion for a directed verdict was made at the close of the plaintiff's evidence, but was not renewed at the conclusion of all the evidence, as the rule requires. The other designated motions were not made.

Appellant also contends that the court erred in refusing to instruct the jury accordingly:

> You are instructed that a buyer must reject goods within a reasonable time after delivery or tender. It is ineffective unless the buyer seasonably notifies the seller.

Appellant relies on Ark. Stat. Ann. § 85-2-601(1) (Repl. 1961) and the decision in *Green Chevrolet Company* v. *Kemp*, 241 Ark. 62, 406 S.W. 2d 142 (1966), interpreting this provision of the Code as requiring that a buyer of goods must notify the seller of his rejection of goods within a reasonable time. Appellant insists that the jury should have been told about the right of the buyers to revoke acceptance or reject acceptance of the goods within a reasonable time. But the court did instruct the jury that a buyer must revoke his acceptance within a reasonable time in accordance with § 85-2-608(2). Thus, the jury was instructed that the buyer of goods who revokes his acceptance must do so within a reasonable time after he was discovered or should have discovered a ground for revocation. We think that under the evidence, the jury was properly instructed on the issue. Appellant has failed to demonstrate how the instruction as given was error, or even worked to appellant's prejudice.

In *Gramlin* v. *Baltz*, 253 Ark. 352, 485 S.W. 2d 183 (1972), the Supreme Court determined that § 85-2-608 was applicable to facts similar to the present case. In *Gramlin*, the buyer of a vehicle under warranty returned it a number of times to the seller's shop for corrective repairs. The problems were not corrected and eventually the buyer brought suit for a breach of warranty.

Appellant also argues that the appellees refused to permit appellant to make the necessary repairs on the vehicle,

but that issue was disputed and there is testimony in the record that the appellant had a number of opportunities to make repairs on the vehicle. That issue was resolved by the verdict of the jury.

Lastly, appellees have cross-appealed on the issue of damages, arguing that under the evidence the jury should have returned a verdict of $3,020.29, rather than the figure of $2,275 actually awarded by the jury. The difference is the sum of three monthly installments of $248.48 each paid by appellees while the vehicle was in their possession. However, neither the abstract nor the record discloses how the jury was instructed with respect to damages and, hence, we cannot determine whether the court erred in this respect. To sustain their cross-appeal, appellees must show either that they objected to an erroneous instruction, *Missouri Pacific Railway Company* v. *Gilbert*, 206 Ark. 683, 178 S.W. 2d 73 (1944), or that the court refused to give a correct instruction. *Christenson* v. *Dady*, 238 Ark. 577, 383 S.W. 2d 283 (1964); *Clay* v. *Garrett*, 228 Ark. 953, 311 S.W. 2d 22 (1958).

Affirmed.