## B. J. McADAMS, INC. *v.*
## DOGGETT LEASING COMPANY, INC.
## and Junior DOGGETT

CA 84-102                                             681 S.W.2d 406

Court of Appeals of Arkansas
Division I
Opinion delivered December 19, 1984
[Rehearing denied January 16, 1985.]

*James W. Woods,* for appellant.

*Henry & Duckett,* for appellee.

DONALD L. CORBIN, Judge. Appellant, B.J. McAdams, Inc., is a motor carrier of property in interstate commerce, and enters into vehicle lease agreements with owners of tractors and trailers to maintain a fleet of vehicular equipment to provide transportation services. Appellees, Doggett Leasing Company, Inc., and Junior Doggett, executed five such agreements with appellant, and were to receive a specified percentage of the net revenue from each load transported by appellees' vehicles. Net revenue was defined in the agreements "as gross revenue less amounts paid to other persons." Also, appellees were to reimburse appellant for any claims for cargo damage caused directly or indirectly by appellees or their employees.

On June 23, 1982, appellees filed suit alleging that appellant had breached the terms of the agreements by (1) deducting fees from the compensation owed to appellees,

from October, 1977, through January, 1982, and paying the fees to two wholly-owned subsidiaries of appellant, and (2) deducting a late delivery claim and a cargo damage claim from appellees' compensation, which were not caused by appellees or their employees.

Appellant filed a counterclaim for breach of the agreements alleging that it had paid certain cargo damage claims caused by appellees or their employees, for which it had not been reimbursed by appellees.

On October 31, 1983, in a trial by jury, a verdict was rendered in favor of appellees on their complaint and against appellant on its counterclaim. Appellant filed a motion for new trial which was denied by the trial court, and appellant prosecutes this appeal.

Appellant raises two issues on appeal: (1) The trial court erred in failing to find, as a matter of law, that the contract phrase, "amounts paid to other persons," was unambiguous, and the interpretation of the phrase by the jury was not supported by substantial evidence. (2) The jury verdict against appellant on the complaint and counterclaim involving cargo damage claims was not supported by substantial evidence.

We need not reach either of these arguments because appellant may not now question the sufficiency of the evidence to support the verdict because appellant failed to renew its motion for a directed verdict at the conclusion of all the evidence, nor did appellant file a motion for judgment notwithstanding the verdict. In *McFall Chevrolet Co.* v. *Collins,* 271 Ark. 469, 609 S.W.2d 118 (Ark. App. 1980), this Court stated:

> [I]n order for an appellant to challenge the sufficiency of the evidence in a jury trial, he must either move for a directed verdict at the conclusion of all the evidence, move for a judgment notwithstanding the verdict, or move for a new trial because of insufficiency of the evidence. The failure to do one of these three requirements precludes raising the issue on appeal.

The rule has since been changed by a May, 1983, amendment to delete the mention of a motion for a new trial as being a means to challenge the sufficiency of the evidence of a jury verdict. ARCP Rule 50(e) now states:

> (e) Failure to Question Sufficiency of the Evidence. When there has been a trial by jury, the failure of a party to file a motion for directed verdict at the conclusion of all the evidence, or a motion for judgment notwithstanding the verdict, because of insufficiency of the evidence will constitute a waiver of any question pertaining to the sufficiency of the evidence to support the jury verdict. [Amended by Per Curiam, May 16, 1983.]

The trial of this case was on October 31, 1983, and was clearly subject to the rule change.

Affirmed.

CRACRAFT, C.J., and CLONINGER, J., agree.