DUNBAR *v.* COWGER.

Opinion delivered December 1, 1900

NEW TRIAL—INADEQUACY OF DAMAGES.—A verdict for defendant for one dollar as damages for an assault and battery will be set aside as inadequate where the evidence showed that the plaintiff was severely wounded and suffered great pain in consequence of his injury; that he paid a doctor's bill of $63 for being treated for the injury, and $10 for other things needful to one in his condition; and that he had made a contract to teach a three months' school at a salary of $40 per month, which he was unable to fulfill by reason of said injury. (Page 446.)

Appeal from Yell Circuit Court, Dardanelle District.

WM. L. MOOSE, Judge.

STATEMENT BY THE COURT.

This suit was brought by appellant against appellee in the Yell circuit court, for the Dardanelle district, for the recovery of $3,000 damages for personal injuries inflicted upon appellant by appellee. There is no complaint of any error in the admission or rejection of testimony, nor were there any objections made or exceptions saved to the instructions of the court. A new trial was asked simply on the ground that the verdict was contrary to the law and the evidence. The court refused to grant the motion for new trial. The plaintiff excepted, and this is the only error complained of in the case.

Omitting the formal parts, the complaint is as follows:

That on the 21st day of December, 1898, the appellee did cruelly, unlawfully and maliciously beat, bruise and wound the appellant by striking him in the head with a fence rail, whereby appellant was sick, sore, lame and disordered, and has so continued until the present time, and by reason of said personal injuries he has ever since been unable to attend to his lawful business, and has been confined to his bed; and that he was compelled to expend, and did expend, $63 for necessary services of physicians, and $10 for medicines and other necessaries incidental to his said sickness in endeavoring to be cured of the said soreness, bruises and wounds; and that, as a direct result of such beating, wounding and ill-treatment, he was unable to enter upon the duties as principal of the Spring Creek school, which he had contracted with the directors of said school to teach for a period of three months, beginning on the 2d day of January, 1899, and ending on the 24th day of March, 1899, for which appellant was to receive $40 per month—to his further damage, $120. That, as a further result of such beating, bruising, wounding and ill-treatment, he has undergone great bodily suffering and mental anguish, and has been greatly depleted and exhausted in physical strength and vigor. And in consequence thereof his hearing has been greatly impaired and enfeebled, and from which he has suffered and is suffering great inconvenience. Wherefore appellant prayed judgment for the sum of $3,000 for the injuries so inflicted upon him by the appellee.

Defendant's answer (omitting the formal parts) is as follows: He admits that he struck the appellant at the date set out in said complaint. That, immediately before the alleged assault, appellant assaulted appellee with a hatchet, and would have beaten, wounded and ill-treated appellee if he had not defended himself against the violent assault so made against him; and, in order to save himself from death or great bodily harm, he necessarily and unavoidably struck the appellant, using no more force than necessary to repel the force and violence at the time made upon him by said appellant.

The evidence in the case showed that the plaintiff was severely wounded, and that he suffered great pain in consequence

of his injury, that he paid $63 doctor's bill for being treated for the injury, and $10 for other things needful to one in his condition; and that he had made a contract to teach a three months' school at $40 per month, which he was unable to teach by reason of said injury.

*H. M. Jacoway, Jr.*, for appellant.

There being no evidence to support the verdict, the verdict will be set aside, and a new trial ordered. 7 Ark.'462; 5 Ark. 640; 27 Ark. 592; 24 Ark. 224; 20 Ark. 443; 22 Ark. 54; 55 Ark. 294; 65 Ark. 280. A new trial will be directed when the verdict is so against the weight of evidence as to shock a sense of justice. 34 Ark. 632; 33 Ark. 751; 39 Ark. 387; 42 Ark. 527; 44 Ark. 258; 25 Ark. 49, 380; 26 Ark. 365; 28 Ark.550; 2 Ark. 360; 5 Ark. 407; 6 Ark. 86; 6 Ark. 428; 10 Ark. 138; 10 Ark. 491; 26 Ark. 309; 39 Ark, 491; 5 Ark. 640. A new trial will be granted when the verdict is against the evidence. 21 Ark. 468; 24 Ark. 224; 13 Ark. 71; 8 Ark. 155; 10 Ark. 309. The verdict was in open defiance of the instructions of the court. 42 Ark. 527; 39 Ark. 387.

*Bullock & Davis*, for appellee.

Provocation should be considered in mitigation of damages. 48 Ark. 396. Damages was a question for the jury. 53 Ark. 11; 34 Ark. 361. When the verdict is not without evidence to support it, this court will not disturb it. 18 Ark. 453; 14 Ark. 419; 13 Ark. 285, 236, 712; 12 Ark. 43; 17 Ark. 385; 25 Ark. 91; 47 Ark. 567.

HUGHES, J., (after stating the facts.) The jury found by their verdict for the plaintiff that the defendant had made a wrongful and unlawful assault upon, and had beaten, the plaintiff, which there was ample testimony to support. But they assessed only one dollar damages, while the evidence is unquestioned that the damages suffered by the plaintiff by reason of his injury amounted to a very much larger sum. To suffer such a verdict as to the damages to stand would be a travesty upon justice. It is evident that the motion for a new trial in the circuit court ought to have been granted. For refusal to grant said motion, the judgment is reversed, and the cause is remanded for a new trial.