BOTHE v. MORRIS.

Opinion delivered April 29, 1912.

APPEAL AND ERROR—WHEN AWARD OF NOMINAL DAMAGES SET ASIDE.—
In an action for breach of a contract, where the uncontradicted evidence justified an award of substantial damages, if any, a verdict for merely nominal damages will be set aside.

Appeal from Arkansas Circuit Court; *Eugene Lankford,* Judge; reversed.

STATEMENT BY THE COURT.

The appellant had a horse which he traded to appellee for his mare. Appellant brought this suit against appellee for breach of warranty, alleging that appellee warranted the mare to be sound at the time he exchanged his horse for her, but that the mare at the time was unsound, she having a disease known as the heaves; but that said disease was not at

the time observable. He alleged that the mare he obtained in exchange was worthless; that his horse was worth $150. He set up that he had offered to return the mare when he discovered her diseased and worthless condition and to take his horse back, but that appellee refused. He therefore asked for damages in the sum of $150, the alleged value of the horse, and $50 for the loss of the services of the horse during the time same had been kept out of his possession.

The appellee denied the allegations of the complaint.

The proof on behalf of the appellant tended to show that the horse that he gave appellee in exchange for the mare was worth from $90 to $160; that the mare at the time was worthless, having a disease known as heaves; that she could not be used for any purpose for which appellant needed a horse. Appellant did not discover her condition at the time; he stated that appellee told him that he had a mare that was a good working mare, and that he would send a man over who made trades for him, and that whatever the man said would be all right. The next day the appellee sent a man by the name of Lewis with the mare. Lewis represented that the mare was sound; that she had never been sick a day in her life. Appellant did not hear her cough that day, although she was coughing. Lewis said there was nothing the matter with the cough. The mare proved to be entirely worthless to appellant, and he offered to return her, but appellee refused to take her back.

Appellant further testified that the horse he gave in exchange was worth about $150; and there was other testimony tending to show that horses of the character of the one traded were worth from $100 to $160.

The testimony on behalf of the appellee tended to show that he did not represent the mare to appellant as being sound. He testified that she had the heaves at the time, and that he did not know what "heavy horses were worth on the market." He stated that it was not customary for those having horses with heaves to go around advertising it; said that he only recommended to appellant that the mare was a gentle work animal; said he never guaranteed the mare to be sound.

The court instructed the jury that if they found from the evidence that the defendant or his agent represented to plaintiff that the mare in controversy was sound, and that he did

it for the purpose of making the trade, and that if they found that the plaintiff relied upon his statements that she was sound, when in fact the mare had the heaves, then they should find for the plaintiff in whatever sum he was damaged by such statement.

The court also instructed the jury that, if they found for the plaintiff, the form of their verdict would be, "We, the jury, find for the sum of so many dollars;" and if they found the defendant, the form of their verdict would be, "We, the jury, find for the defendant."

The appellant asked instructions, which the court refused, but the instruction which the court gave covered so much of the prayers asked by appellant as were correct, and it is therefore unnecessary to set them out.

The jury returned the following verdict: "We, the jury, find for the plaintiff in the sum of one dollar."

The court thereupon rendered the following judgment: "It is therefore considered, ordered and adjudged by the court that the defendant is entitled to said mare, and that the plaintiff do have and recover of and from the defendant, R. J. Morris, the sum of one dollar and all his costs herein expended, for which let execution issue."

The appellant moved for a new trial, alleging, among other things, that the verdict was contrary to the law and contrary to the evidence; "That the verdict of one dollar damages in his favor is insufficient compensation, and not responsive to the issues and testimony herein, and that it should be set aside, and a new trial granted."

The court overruled the motion, and appellant duly prosecutes this appeal.

*J. M. Brice,* for appellant.

1. There is a total want of testimony to support the verdict. Appellee got his mare back and appellant's horse. This is repugnant to one's sense of justice. 70 Ark. 385.

2. It was error to refuse instruction No. 1, which set forth our theory. 21 Ark. 454; 32 S. W. 437; 95 *Id.* 488.

3. All material representations with reference to the character and condition of an animal by a seller are regarded as warranties unless it is shown affirmatively that they were

not so intended and understood.   30 A. & E. Enc. Law (2 ed.), 155-6, par. 4; 71 Am. Dec. 489; 66 Barb. (N. Y.) 35, and cases *supra.*

WOOD, J., (after stating the facts).   The verdict of the jury shows that they resolved the issue in favor of the appellant. Having found in favor of the appellant, the uncontradicted evidence shows that his damage was much more than the sum of one dollar.   There is no evidence therefore to sustain the verdict in that sum.   The jury were not authorized to disregard the undisputed testimony in fixing the amount of the damage.   The court therefore should have granted the appellant a new trial.   The case is ruled in this respect by *Carroll v. Texarkana Gas & Electric Company,* 102 Ark. 137.

The judgment is therefore reversed, and the cause remanded for a new trial.

McCULLOCH, C. J., (concurring).   The issue as to appellee's liability for damages was fairly tried, and the reversal of the judgment on account of the assessment of damages should not call for a retrial of the whole case.   Why should appellee be given a new trial on the question of his liability merely because the jury, after finding against him on that issue, disregarded the undisputed evidence as to the amount of damages?   No error has been committed of which appellee can complain.   Therefore he should not be given the advantage of an error committed in his favor.   If, on the next trial, he should obtain a verdict in his own favor as to his liability, he will have secured an advantage by reason of the former error which the jury committed in his favor.   Justice and the orderly course of judicial proceedings only demand that the case be re-tried on the question of the amount of damages to be recovered.   In this way the only error in the case will be corrected, and the verdict of the jury on the other issue fairly tried, will be allowed to stand.   Issues once fairly tried and settled by a verdict should not be again opened for retrial merely because error in the proceedings demands that other issues be retried.   The result announced in *Carroll* v. *Texarkana Gas & Electric Co., supra,* did not meet with my approval, though I did not record a dissent.   The practice thus established is so contrary to what, in my opinion, is logical

and expedient in the administration of justice that I feel impelled to record my disapproval.