MARTIN *v.* KRAEMER.

Opinion delivered December 20, 1926.

NEW TRIAL—INADEQUACY OF DAMAGES.—Where the undisputed evidence showed that plaintiff's automobile was damaged $47 in a collision, but the evidence was conflicting as to responsibility, a judgment for $1 was inadequate, justifying a new trial.

Appeal from Garland Circuit Court; *Earl Witt,* Judge; reversed.

*Cobb & Cobb,* for appellant.

*Martin, Wootton & Martin,* for appellee.

McCULLOCH, C. J. An automobile, driven by appellant along a street in the city of Hot Springs, collided with appellee's car, operated by a hired driver, and appellant instituted this action against appellee, alleging that the collision occurred through the negligence of the latter's servant, and praying for the recovery of damages in the sum of $300. In the trial of the case it was undisputed that appellant's car was very considerably damaged—appellee admitted in his testimony that it would take $47 to repair the damage to the car—but there was a conflict in the testimony as to the responsibility for the collision, each party claiming that the other was at fault. Appellee, in his answer, denied the allegations of negligence on the part of his driver, and claimed damages from appellant in the sum of $50 on the ground that the collision was caused by appellant's own negligence. The issues were submitted to the jury on correct instructions, and there was a verdict in favor of appellant for the sum of one dollar. A reversal of the judgment is sought on the ground that the findings of the jury are conflicting in fixing liability upon appellee for the collision, but awarding only nominal damages, the evidence being undisputed that substantial damage resulted to the car.

We are of the opinion that the contention of appellant is sound and that the judgment must be reversed. The verdict is conclusive as to the responsibility for

the collision and the liability of appellee for all damages that resulted to appellant in the injury of the car.

Counsel for appellee contend that, the evidence being conflicting on the question of responsibility for the collision, the verdict of the jury was a mere compromise, and that this accounts for the fact that the jury awarded only nominal damages. This is not, however, a correct interpretation of the verdict, and the conflict therein cannot be reconciled in that way. We can only treat the verdict as settling the question of liability, and, if the amount of damages fixed by the jury was supported by substantial testimony, we would affirm the judgment, but such is not the case. The undisputed evidence is that the damage amounted to at least $47, and, according to the testimony adduced by appellant, it amounted to considerably more than that sum. Under similar conditions this court has reversed judgments of trial courts. *Dunbar* v. *Cowger*, 68 Ark. 444; *Carroll* v. *Texarkana G. & E. Co.*, 102 Ark. 137.

The judgment in this case will therefore be reversed, and the cause remanded for a new trial. It is so ordered.