KRUMMEN MOTOR BUS & TAXI COMPANY v. MECHANICS'
LUMBER COMPANY.

Opinion delivered December 12, 1927.

NEW TRIAL—INADEQUACY OF VERDICT.—In an action to recover damages resulting from an automobile collision, the verdict for plaintiff in the sum of $1, under undisputed evidence showing a substantial injury, cannot be set aside and new trial ordered on the question of damages only, but the new trial should be on the entire case.

Appeal from Pulaski Circuit Court, Second Division; *Richard M. Mann*, Judge; reversed.

STATEMENT OF FACTS.

Krummen Motor Bus & Taxi Company sued the Mechanics' Lumber Company to recover damages on account of the alleged negligence of the defendant in an automobile collision, whereby the plaintiff's automobile was damaged in the sum of $1,000. The defendant answered, denying negligence on its part, and, by way of cross-complaint, asked judgment against the plaintiff in the sum of $1,875 on the ground that its automobile was injured in the collision on account of the negligence of the plaintiff.

Evidence was adduced by each party to sustain its allegations of negligence.

The record shows that an automobile motor-bus of the plaintiff collided with a truck of the defendant in the

city of Little Rock, Arkansas. Both motor vehicles were badly damaged. The undisputed proof on the part of the plaintiff shows that it cost $534.20 to have its motor-bus repaired. The evidence as to whether or not it was in better or worse condition after it was repaired than it was before the collision occurred is conflicting.

The jury found for the plaintiff and assessed its damages in the sum of one dollar. Judgment was entered upon the verdict, and the plaintiff has duly prosecuted an appeal to this court.

*Buzbee, Pugh & Harrison* and *Floyd Wingo*, for appellant.

*Price Shofner*, for appellee.

HART, C. J., (after stating the facts). Counsel for the plaintiff insists that the undisputed evidence shows that the motor-bus of the plaintiff sustained substantial injury in the collision, and that a judgment based upon the verdict for nominal damages should be reversed because they were inadequate. Counsel for the defendant concede that the judgment should be reversed, and the parties only differ as to the method of procedure after the reversal of the judgment. Counsel for the plaintiff insists that the verdict as to damages should be set aside and a new trial ordered on the question of damages only. On the other hand, counsel for the defendant insists that, under our practice, when the verdict is set aside a new trial of the whole case should be granted. There is some conflict in the authorities as to whether, where a verdict has been set aside as being inadequate, the new trial may be restricted to the question of damages or whether there should be a new trial of the whole case. The practice in this State has been, when a verdict is set aside as being inadequate, to set aside the verdict on that account and grant a new trial in the whole case. The reason is that a verdict as the foundation of a judgment at law is an entity and cannot be divided by the trial court. *Dunbar v. Cowger*, 68 Ark. 444, 59 S. W. 951; *Carroll v. Texarkana Gas & Electric Co.*, 102 Ark. 137, 143 S. W. 586;

*Bothe* v. *Morris,* 103 Ark. 370, 146 S. W. 1184; and *Martin* v. *Kramer,* 172 Ark. 397, 288 S. W. 903.

In the case last cited it was held that, where the undisputed evidence showed that plaintiff's automobile was damaged in the sum of $47 in a collision, but the evidence was conflicting as to responsibility, a judgment for one dollar was inadequate, justifying a new trial. It follows that the judgment will be reversed, and the case remanded for a new trial.