FULBRIGHT *v.* PHIPPS.

Opinion delivered February 27, 1928.

1. APPEAL AND ERROR—CONCLUSIVENESS OF VERDICT.—The Supreme Court will not reverse a judgment for $5,000 based on substantial testimony, though the testimony would have justified a verdict of $10,000.

2. NEW TRIAL—VERDICT CONTRARY TO EVIDENCE.—The trial court should grant a motion for a new trial, if convinced that a verdict is contrary to the preponderance of the evidence.

3. JUDGMENT—AUTHORITY TO RENDER JUDGMENT NOTWITHSTANDING VERDICT.—Where the jury returned a verdict for $5,000, and a preponderance of the evidence would have justified a verdict for

$10,000, the court was without authority˙ to enter judgment for $10,000.

Appeal from Washington Circuit Court; *J. S. Maples,* Judge; reversed.

*J. W. Nance* and *J. W. Grabiel,* for appellant.

*H. L. Pearson* and *J. Wythe Walker,* for appellee.

·SMITH, J. Appellee brought suit against the administratrix of the estate of Jay Fulbright, deceased, upon a demand for alleged unpaid salary amounting to $10,000, and offered testimony tending to show that the demand was just, and that he was entitled to receive the amount sued for. ·

Testimony was offered by the defendant administratrix to the effect that nothing was due appellee, and that the demand upon which he sued had been compromised and settled. Had the verdict been for the defendant we would be required to hold that the testimony was ample to sustain the finding.

After the jury had had the case under consideration for some time, a report was made to the court that the jury was unable to agree. The court required the jury to further consider the case, and a verdict was finally returned for the plaintiff for the sum of $5,000, one-half the amount sued for, thus indicating that a compromise verdict had been reached, as the verdict should consistently have been for $10,000 or for nothing.

Both parties filed motions for a new trial, and both motions were overruled. Appellee filed a supplementary motion praying the court to render judgment for $10,000 notwithstanding the verdict, and that motion was sustained, and judgment was rendered for that amount, and this appeal has been duly prosecuted from that judgment.

We do not review the testimony, for, as has been said, it was sharply conflicting, and is legally sufficient to support a verdict for $10,000 in favor of the plaintiff or one in favor of the defendant. There appears to be no assignment of error requiring discussion except the action of the court in rendering judgment for $10,000 notwithstanding the jury had returned a verdict in favor of the plaintiff for only $5,000.

The case of *Jackson* v. *Carter,* 169 Ark. 1154, 278 S. W. 32, was a suit upon three notes which had been executed in payment of the purchase price of an automobile. The defendant denied liability upon the notes on the ground that the automobile had been stolen, and there was a verdict and judgment in his favor. Upon the appeal to this court it was held that the defendant had failed to prove that the automobile had been stolen, and that the proof was insufficient to show that the consideration for the notes had failed. It was therefore held that, as the undisputed testimony showed that plaintiff was entitled to a judgment for the amount of the notes, judgment should be rendered here for the plaintiff, notwithstanding a verdict had been returned in favor of the defendant, and this was done. It was there said, however:

"But § 6271 of Crawford & Moses' Digest provides: 'When a trial by a jury has been had, judgment must be entered by the clerk in conformity with the verdict, unless it is special, or the court orders the case to be reserved for future argument or consideration.' And § 6273 provides: 'Where, upon the statements in the pleadings, one party is entitled by law to judgment in his favor, judgment shall be so entered by the court, though a verdict has been found against such party.' The facts of this record do not bring the case within either of the above sections of our statute. The verdict was not special, the case was not reserved by the court for future judgment or consideration, and there was no statement in the pleadings to justify the court in entering a judgment in favor of the appellant. Therefore the appellant was not entitled to a judgment *non obstante veredicto.* 'The motion in arrest of judgment in civil causes is unknown to our system of practice, and, where it does obtain, can be maintained only for a defect upon the face of the record, of which the evidence constitutes no part' (Citing cases)."

It is apparent that neither section of the statute quoted in the case cited above is applicable to the facts in this case. Here the answer denied any liability, and the testimony on behalf of the defendant would have sustained that finding. The plaintiff was therefore not entitled to a judgment under the pleadings nor under the undisputed proof. *Ryan* v. *Fielder,* 99 Ark. 374, 138 S. W. 973; *Collier* v. *Newport Water Co.,* 100 Ark. 47, 139 S. W. 635, Ann. Cas. 1913D, 45; *Sharff Distilling Co.* v. *Dennis,* 113 Ark. 221, 168 S. W. 141; *Coleman* v. *Utley,* 153 Ark. 233, 240 S. W. 10; *Trippe* v. *Duval,* 33 Ark. 811.

We have held that where a jury found, under conflicting testimony, that a plaintiff was entitled to recover damages, and the undisputed testimony showed the damages were substantial, the judgment for nominal damages only was an error, to correct which this court would reverse the judgment. This is true, however, because a judgment for nominal damages is, in effect, a refusal to assess damages. *Krummen Motor Bus & Taxi Co.* v. *Mechanics' Lumber Co.,* 175 Ark. 750, 300 S. W. 389; *Martin* v. *Kraemer,* 172 Ark. 397, 288 S. W. 903; *Dunbar* v. *Cowger,* 68 Ark. 444, 59 S. W. 951; *Carroll* v. *Texarkana Gas Co.,* 102 Ark. 137, 143 S. W. 586; *Bothe* v. *Morris,* 103 Ark. 370, 146 S. W. 1184.

Here the verdict and judgment was not for a nominal sum, but was for a very substantial amount, to-wit, the sum of $5,000. There was therefore no refusal to render judgment for more than a nominal amount.

It is true that the verdict is not consistent, but this is not ground for us to reverse the judgment, as it is supported by very substantial and sufficient testimony.

A very similar question was presented in the case of *Washa* v. *Harris,* 167 Ark. 186, 266 S. W. 944, and it was there said:

"It must be conceded that the verdict does not appear to be consistent with either theory of the case, but we cannot say that it is unsupported by the testimony. The testimony in Harris' behalf would have supported a

verdict for the entire amount in controversy, except the price of the pulley, which was only $42.50, which would, of course, have included the $3,000 paid in cash, yet the verdict of the jury included only so much of the $3,000 as was necessary to extinguish the note and the price of the pulley, and we will not therefore disturb the verdict, because the jury's finding on the facts against appellant sustains the verdict, and would support a larger recovery against him than the mere extinguishment of the note.''

The trial court might have granted the motion of either party for a new trial, and should have done so if convinced that the verdict was contrary to the preponderance of the evidence. *Twist* v. *Mullinix,* 126 Ark. 427, 190 S. W. 851. But the jury having returned a verdict for a substantial amount, and the plaintiff not being entitled, under the pleadings or the undisputed proof, to recover a larger amount, the court was without authority to render judgment for a larger sum than that fixed by the verdict.

The trial court should properly have granted the appellee's motion for a new trial if convinced that the verdict was contrary to the preponderance of the evidence, or have overruled both motions for a new trial if not so convinced. But the action of the court does very clearly indicate a finding on the part of the trial court that the verdict for $5,000 was not contrary to the preponderance of the evidence, because the court has actually increased the recovery. There can therefore be no error in affirming the judgment for $5,000, if appellee elects to have that done. But, unless this election is made, the judgment must be reversed, and it will be so ordered unless appellee shall, within fifteen days, remit $5,000 of the judgment, thus leaving the verdict of the jury undisturbed.