MARTIN *v.* STREET IMPROVEMENT DISTRICT NO. 349.

Opinion delivered November 11, 1929.

*June P. Wooten,* for appellant.

*Lewis Rhoton,* for appellee.

HART, C. J., (after stating the facts). Counsel for appellant, Martin, contends that the court erred in not setting aside the verdict in favor of the defendant on the Marshall Street Annex on the ground that, under the undisputed evidence, he was entitled to recover certain court costs advanced by him in the formation of the annex, and for fees based on a *quantum meruit* basis. Under the evidence introduced the jury had a right to find that the contract made by the commissioners for a fee of $7,000 on the Marshall Street Annex was so improvident as to demonstrate its unreasonableness. While the evidence for Martin tends to establish the reasonableness of the fee, still there was sufficient evidence to warrant a finding against him on his contract for a fee of $7,000. Evidence was adduced by the defendant tending to show the amount of the bond issue, and Martin himself testified as to the various services performed by him and the costs advanced by him in these suits. When the amount of the bond issue is considered with reference to the various suits relating to the formation of the district, the jury might have found that a fee of $7,000 was

so improvident as to demonstrate its unreasonableness. Hence there was no error in the finding of the jury on this branch of the case.

When this finding was made the contract would be treated as being void, but in such a case the attorney would be entitled to recover on a *quantum meruit* basis. It is sought to uphold the verdict, however, on the ground that the amount of fee which Martin might claim on a *quantum meruit* basis was only established by his own testimony, and that thus the case falls within the principles of law announced in *Skillern* v. *Baker,* 82 Ark. 86, 100 S. W. 764, 118 Am. St. Rep. 52, 12 Ann. Cas. 243, and later decisions of this court, to the effect that, where the witness is interested in the result of the suit, his testimony cannot be considered as uncontradicted, and the case must go to the jury. Martin's right to recover upon a *quantum meruit* basis does not depend alone upon his testimony. The extent of his services was stated in detail to the jury, and, according to all the lawyers who testified in the case, he was entitled to recover some substantial amount. They only differed as to the amount of his recovery. In this connection it may be stated that Martin was entitled to recover whatever costs were legally advanced by him in the suits brought seeking to establish the district. He would have a right to defend the districts or the commissioners from any suit seeking to invalidate it or to overthrow the assessment of benefits made by the assessors, and to advance costs in such suits. He would not have a right, however, to advance costs for suits brought by the district against him, and to recover them as costs expended for the benefit of the district.

Upon the appeals of the defendant district, on their cross-complaint against Martin to recover illegal fees advanced him in the original district and in the Summit Street Annex, but little need be said. Upon the former appeal it was held that a suit for the recovery of excessive fees paid to an attorney is barred by the three-year

statute of limitation. On this branch of the case the testimony is in irreconcilable conflict, and the jury by its verdict has found the disputed question of fact in favor of Martin, and against the district in the suit against the original district, and in the suit against the Summit Street Annex. No useful purpose could be served by setting out this testimony in detail, for the jury was the judge of the credibility of the witnesses. We deem it sufficient to say that the issues raised by the cross-complaint of the original district and of the Summit Street Annex were submitted to the jury upon competent evidence, and under proper instructions. Therefore the verdict of the jury is binding upon us on appeal, and the judgment in each of these cases will be affirmed.

In the suit against the Marshall Street Annex the judgment must be reversed because, under the undisputed evidence, Martin was entitled to recover some substantial amount upon a *quantum meruit* basis. We cannot, however, remand the case to be submitted to the jury upon this issue alone. The practice in this State has been that, when a verdict is set aside as being inadequate, the court must grant a new trial in the whole case. The reason is that a verdict, as the foundation of a judgment at law, is an entity, and cannot be divided by the trial court. Hence under our rules of practice we cannot remand the case for a new trial of the issues as to the amount to be recovered by Martin for his attorney's fee and for costs advanced by him in the Marshall Street Annex case, but the case must be remanded for a new trial. *Krummen Motor Bus & Taxi Co.* v. *Mechanics' Lumber Co.,* 175 Ark. 750, 300 S. W. 389.

Therefore the judgment as to the Marshall Street Annex will be reversed, and the case remanded for a new trial.