1004

*James G. Coston* and *J. T. Coston,* for appellant.
*Reid & Evrard,* for appellee.

MEHAFFY, J. This action was instituted by appellant against the appellee for personal injuries and damage to his car. A trial was had, resulting in a verdict for appellant for $439. The case is here on appeal.

Appellant alleged that the damage to his car was $382. He claimed that his doctor's bill was $40 and medical bill $15, and wages paid extra driver $36, making a total of $473, whereas his judgment was for only $439.

It is contended by the appellant that the doctor's bill, $40, the medical bill, $15, and the extra driver, $36, were undisputed. Appellant states that the rule in Arkansas is that where the jury has obviously disregarded the evidence, the verdict, whether too small or too large, will be set aside. It is then contended that the verdict of the jury was $44 less than the undisputed items of damage amounted to.

As we have said there is no dispute as to the amount of damage to the car, and the jury found that the appellee was liable, and that settles the question of liability.

It is, therefore, unnecessary to set out any of the evidence with reference to the collision or negligence of the appellee.

Appellant testified about his injuries, and W. P. Smead also testified about appellant's personal injuries, and that he had to employ a boy to drive for him. Dr. Massey also testified about appellant's injuries, and that his bill would be $40 or $42.

Appellant calls attention first to the case of *Dunbar* v. *Cowger*, 68 Ark. 444, 59 S. W. 951. That was a suit for personal injuries for $3,000, and the jury returned a verdict for $1. The court held that the jury had found a verdict for the plaintiff, finding that the defendant had made a wrongful and unlawful assault upon, and had beaten the plaintiff, and that there was ample evidence to support this finding. And since the finding was that he had unlawfully assaulted the plaintiff, the verdict of $1, a nominal sum, should be set aside.

In the next case referred to by appellant, *Bothe* v. *Morris*, 103 Ark. 370, 146 S. W. 1184, the court said: "The verdict of the jury shows that they resolved the issue in favor of the appellant. Having found in favor of the appellant, the uncontradicted evidence shows that his damage was much more than the sum of one dollar." The court also said: "The jury were not authorized to disregard the undisputed testimony in fixing the amount of the damage."

The next case referred to is that of *Carroll* v. *Texarkana Gas & Elec. Co.*, 102 Ark. 137, 143 S. W. 586. There was also a verdict for one dollar, and the court said: "The jury, having found upon sufficient testimony that the appellant was entitled to a verdict in his favor, they should not have disregarded the undisputed evidence."

Appellant calls attention to several other cases to the same effect as those cited, and then says that the court was misled by the case of *Fulbright* v. *Phipps*, 176 Ark. 356, 3 S. W. (2d) 49. In that case there was a suit for $10,000, but the court finally rendered a verdict for $5,-000, one-half the amount sued for, thus indicating a com-

promise verdict. The court in that case reviewed the authorities and stated that, where the damages were substantial, and the judgment was for nominal damages only, the judgment would be reversed to correct this error, but the court added: "This is true, however, because a judgment for nominal damages is, in effect, a refusal to assess damages." The court also said: "It is true that the verdict is not consistent, but this is not ground for us to reverse the judgment, as it is supported by very substantial and sufficient testimony." The court, also, called attention to the case of *Washa* v. *Harris*, 167 Ark. 186, 266 S. W. 944, where it was said: "It must be conceded that the verdict does not appear to be consistent with either theory of the case, but we cannot say that it is unsupported by the testimony."

If the verdict had been for a considerably larger amount, this court would not have reversed it, because there would be evidence to sustain the verdict. No one testifies about the medical bill except the appellant, and no one testifies to any facts with reference to his hiring a driver, except the appellant and W. P. Smead. Smead simply states that Mr. Lynch did not have to go to bed as a result of the accident, and the doctor did not have to treat him at his home, and stated that Lynch had to employ a boy to drive him around. Of course Mr. Smead could not know this except from the appellant. He might or might not have been in such condition that he had to hire a driver, but this was a question for the jury.

This court has said, in speaking of the testimony of a party: "But this testimony cannot be regarded as undisputed, because she is an interested party, the plaintiff in the case, and the testimony does not support her statement that she assessed and paid taxes in her own name." *Campbell* v. *Carlisle*, 190 Ark. 1103, 83 S. W. (2d) 536.

This court has held many times that the testimony of a party interested in the suit is not to be considered as undisputed, but the question must be submitted to the jury. Submitted to the jury for what purpose? Manifestly for the purpose of the jury passing upon the cred-

ibility of the witness and the weight to be given to his testimony.

In a recent case we said: "In the first place, this court is committed to the rule that, where a witness is a party to the suit, and thereby interested in the result of it, his testimony cannot be said to be undisputed, and the case must be submitted to the jury." *Zorub* v. *Missouri P. Rd. Co.,* 182 Ark. 232, 31 S. W. (2d) 421.

The credibility of the witnesses and the weight to be given to their testimony are questions to be determined by the jury. They see the witnesses on the stand, have an opportunity to observe their demeanor and their manner of testifying, and are the best judges as to whether the witnesses are credible, and as to the weight to be given to their testimony.

In this case, the driver of the truck testified that the accident was caused by Lynch's negligence, but the jury found in Lynch's favor on the question of liability. They might, however, have disbelieved him, not only as to the extent of his injuries, but as to the necessity to hire a driver, and also the amount of the medical bill. It is entirely probable that the verdict is the result of a compromise, but we cannot set aside the verdict or reverse the judgment for that reason. We cannot say that, while the jury believed the appellee liable, it refused to award damages. The damages awarded were substantial, and it has been the rule of this court that a judgment will not be reversed because it is too small or too large, unless the trial court committed some error prejudicial to the appellant. If the verdict here had been for nominal damages, merely, then, under the rules of this court, the verdict would have been reversed, but since the verdict was for more than a nominal sum, (and the jury were the judges as to the credibility of witnesses, and the weight to be given to their testimony), we cannot reverse the judgment because it is smaller than appellant thinks it should have been, or smaller than the court might think it should have been.

The judgment of the circuit court is affirmed.