MANZO v. BOULET.

4-9691                                    246 S. W. 2d 126

Opinion delivered February 18, 1952.

*M. C. Lewis, Jr.,* for appellant.

*Wood & Chesnutt* and *Ray S. Smith, Jr.,* for appellee.

GEORGE ROSE SMITH, J. This is a suit by the appellee to recover a broker's commission for having sold a taxicab business for the appellant and her husband. Mr. Manzo died before the case was tried, and the plaintiff dismissed the cause as to him. The trial court, sitting as a jury, entered judgment against Mrs. Manzo for $750, being 5% of the $15,000 that the court found the taxicab business to have been worth. Both litigants have appealed.

Boulet, a real estate dealer in Hot Springs, testified that Mr. and Mrs. Manzo visited his office and employed him to sell their taxicab business, which was situated in Little Rock. The agreed commission was to be 10% if the business were sold for cash or 10% of the higher valued property if the business were exchanged for other property, in which case each party to the exchange would pay half the commission. Boulet advertised the property in a newspaper and received an inquiry from John Drago, who owned an apartment building in Hot Springs. When the Manzos next called on Boulet he gave them Drago's name, and they then took over the negotiations and eventually exchanged their business for the apartment building. This suit was brought when they refused to pay Boulet's commission.

Mrs. Manzo's chief argument for reversal is that she and her husband did not agree to pay Boulet any commission at all. The trial court elected to believe Boulet's testimony, however, and it is sufficient to sup-

port the judgment. In this connection Boulet testified that during the discussion among the three parties to the brokerage agreement Mr. Manzo said that he would pay the commission. This statement is objected to as hearsay evidence, but the testimony is competent. Manzo's statement was simply part of the contract itself and amounted to what is often called a verbal act. Hence the testimony was offered not to show that Manzo's statement was true but merely to show that it was made. *Motors Ins. Corp.* v. *Lopez,* 217 Ark. 203, 229 S. W. 2d 228.

Another contention is that Boulet did not earn his commission, as the Manzos consummated the exchange after Boulet brought the parties together. We have held, however, that in this situation the broker has performed his part of the contract and is entitled to be paid. *Hartzog* v. *Dean,* 216 Ark. 17, 223 S. W. 2d 820. Mrs. Manzo also relies upon a Little Rock ordinance which requires real estate dealers to be licensed as a condition to collecting their commissions. It is not shown that any Little Rock real estate was involved, since the taxicab company had only a lease upon land, and a lease is personalty. For that matter, Mrs. Manzo herself contends that all that was sold was the corporate stock and not the physical assets of the business.

Lastly, the appellant insists that in any event she should be liable for only 49% of the judgment, since the taxicab business was a corporation in which the stock was owned 50% by Mr. Manzo, 49% by Mrs. Manzo, and 1% by their daughter, who was then a minor. There is no evidence that Boulet was ever told that the business was incorporated or put on notice that the Manzos meant to employ him on the basis of their stock ownership. On the contrary, the proof is that the Manzos described the physical assets of the business and together agreed to pay the commission if Boulet sold the concern. Nor is there any testimony that Manzo separately agreed to pay only half of the 5% commission or that Mrs. Manzo limited her liability in any such manner. On the proof the promise was either joint or joint and several, and in

either case each promisor is liable for the whole. Rest., Contracts, § 117.

By cross appeal Boulet contends that the court erred in basing the judgment upon the $15,000 value of the taxicab business, since the agreement was that the commission upon an exchange should be 10% of the higher of the two values. Four witnesses testified as to the value of the apartments conveyed by Drago, and all four estimates are in excess of $15,000. But the appellee does not ask for a new trial *in toto;* he asks that we either increase the judgment upon cross appeal or remand the case for that purpose only. We cannot follow either course. The value of the building is an issue of fact, which it is not our province to decide. And in law cases the verdict is an entity which we cannot divide by affirming the finding of liability and yet remanding the cause upon the issue of damages. *Martin* v. *Street Imp. Dist. No. 349,* 180 Ark. 298, 21 S. W. 2d 430. The judgment will therefore be reversed and the cause remanded for a new trial unless the appellee elects to file a waiver of his cross appeal within fifteen judicial days.