H. DEAN BROWN ET UX *v.* CARL LEE

5-4149                                          412 S. W. 2d 273

Opinion delivered March 13, 1967

*Eugene Coffelt,* for appellant.

*Little & Enfield,* for appellee.

GEORGE ROSE SMITH, Justice. In 1965 H. Dean Brown, a housebuilder, constructed a residence for W. J. Davis and his wife for a contract price of $20,192.00. Thereafter Carl Lee, a real estate broker, brought this suit against Brown for $1,000.00, asserting that Lee had found the Davis job for Brown under an oral agreement by which Brown was to pay Lee a 5 per cent commission upon any building contracts that Lee might obtain for Brown. Brown denied the existence of the oral agreement. That issue of fact was settled by the jury's verdict in favor of Lee, for $333.33. (That the amount of the verdict is not consistent with either party's theory of the case is unimportant. *Fulbright* v. *Phipps,* 176 Ark. 356, 3 S. W. 2d 49 [1928].)

Brown, citing *Elkins* v. *Nelson,* 196 Ark. 209, 118 S. W. 2d 287 (1938), and other cases having to do with the sale of property, contends that the oral agreement is within the statute of frauds and is therefore unenforceable. We are unable to say that the statute is applicable. Only two sections of the statute might be considered pertinent. One relates to contracts for the sale of goods at a price of $500 or more, Ark. Stat. Ann. § 85-2-201 (Add. 1961), but this agreement did not involve a sale of goods. The other relates to contracts for the sale of an interest in land, § 38-101 (Repl. 1962), but no such interest was affected by the oral contract between Brown and Lee.

Brown also argues that Lee was acting as an employment agency without having obtained a license, as required by law. Ark. Stat. Ann. § 81-1001 (Repl. 1960). This argument is not well-founded. The statute defines an employment agency as one engaged in the business of furnishing employment or help or of giving informa- Section 81-1004. The same section defines an applicant tion about where employment or help may be secured. for employment as a person seeking work and defines an applicant for help as a person seeking help in any legitimate service. It is clear that a construction con-

tract, by which a builder undertakes to furnish labor and materials, is not the type of agreement falling within the province of an employment agency.

Upon the record in this case we find no tenable basis for holding that the contract in question is invalid. The judgment must therefore be affirmed.