MARVIN CLARK, GUARDIAN OF THE ESTATE OF THOMAS HARVEY CAGE, A MINOR *v.* ARKANSAS DEMOCRAT COMPANY

5-1440                                         413 S. W. 2d 629

[Rehearing denied May 1, 1967.]

[Original opinion delivered March 13, 1967; page 133.]

*Ben .D. Lindsey* and *Spencer & Spencer;* By: *Don Gillaspie,* for appellant.

*Robert C. Compton* and Austin McCaskill, for appellee.

LYLE .BROWN, Justice. The original opinion contains this language: "Under the holding in *Terry Dairy*, and reiterated in *Cox*, this case should be reversed, with directions to the trial court to ascertain the damages." This phraseology could well be interpreted to mean that on retrial the *only* question to be submitted to the jury is damages. This interpretation does not comport with our case law. We have a long line of cases which hold that on remand for trial of a law case it is tried *de novo*.

In the early case of *Harrison* v. *Trader and wife* 29 Ark. 85 (1874), this court said, quoting with approval from an Alabama case:

"When a judgment is reversed, the rights of the parties are immediately restored to the same condition in which they were before its rendition; and the judgment is said to be mere waste paper."

This holding was approved in *Holt* v. *Gregory, et al,* 222 Ark. 610, 260 S. W. 2d 459 (1953). Also, see *Manzo* v. *Boulet,* 220 Ark. 106, 246 S. W. 2d 126 (1952); *Martin* v. *Street Improvement District No.* 349, 180 Ark. 298, 21 S. W. 2d 430 (1929) ; and *Westinghouse Credit Corp.* v. *First National Bank of Green Forest, et al,* 241 Ark. 287, 407 S. W. 2d 388 (1966).

Rehearing denied.