LOWELL PERKINS AGENCY, INC *v.* Billy DECKER

73-246                    506 S.W. 2d 559

Opinion delivered March 18, 1974

212

*Lightle, Tedder & Hannah,* for appellant.

*Leroy Froman,* for appellee.

GEORGE ROSE SMITH, Justice. This is an action brought by the appellee, Billy Decker, for an accounting of partnership profits. In December, 1968, Decker and the appellant corporation entered into an oral agreement for the operation of a garage owned by the appellant at Searcy. The appellant is an accounting and insurance agency owned by Lowell Perkins, a public accountant. Decker was to contribute his labor and skill to the operation of the garage. In the following May the parties orally agreed to add to the venture an automobile parts business, also owned by the appellant.

The partnership was terminated by agreement in September, 1969. Perkins, whose agency had been keeping the partnership books, submitted an accounting of the profits, which were to have been divided equally. Decker questioned the accuracy of Perkins' accounting and brought this suit for $8,781.37 as Decker's asserted share of the undistributed profits. The circuit judge, hearing the case without a jury, awarded Decker a judgment for $1,981.94. The appellant's only argument for reversal is that there is no substantial evidence to support a judgment for Decker in any amount.

It is possible that we might, upon the same record, agree with the appellant if this were an appeal from a court of chancery and we were reviewing a chancellor's findings *de novo.* In a law case, however, the scope of our review is comparatively limited. Absent special findings of fact, which were not made in the court below, the circuit judge's conclusions have the force of a jury's general verdict. *Norvell* v. *James,* 217 Ark. 932, 234 S.W. 2d 378 (1950). Moreover, under the holding in the leading case of *Fulbright* v. *Phipps,* 176 Ark. 356,

3 S.W. 2d 49 (1928), if the testimony in the case would have supported an even larger amount, the verdict will be sustained although it is not consistent with either party's theory of the case.

The *Fulbright* rule controls here. The conflicting testimony of Decker and Perkins, who were the only witnesses, presented a clear-cut issue of credibility for the circuit judge's determination. Decker asserted in his pleadings, and repeated on the witness stand, that there were many specified errors in the accounting submitted by Perkins. The total discrepancies greatly exceeded the amount of the court's judgment; so under the *Fulbright* case we cannot say that the judgment is without substantial evidentiary support.

A fair summary of the appellant's argument appears in its brief: "The only proof submitted by Appellee was his statement and accusations which were not verified in any manner. The Appellant's proof was all verified and documented by the joint venture books and cancelled checks." Even so, the partnership records were kept by the appellant itself and therefore are not to be considered as undisputed. Moreover, Perkins' accounting and its supporting exhibits have not been abstracted, which leaves us without adequate information about the facts underlying the appellant's basic contention.

Affirmed.