Ronald PATE et al *v.* Fred HOOK

77-216                                              557 S.W. 2d 391

Opinion delivered November 14, 1977
(Division I)

*Tackett, Moore, Dowd & Harrelson,* by: *Gene Harrelson,* for appellants.

*Arnold, Arnold, Lavender & Rochelle, Ltd.,* by: *Charles D. Barnette,* for appellee.

GEORGE ROSE SMITH, Justice. In this workmen's compensation case Fred Hook's claim for disability benefits arises from a work-related injury to his neck and shoulder. The medical and lay testimony, when considered together, would have supported an award ranging from as little as 5% disability all the way up to total disability. (For the rule that the commission may take into account both the medical and the lay testimony in arriving at a percentage, see *Ark. Best Freight System* v. *Brooks,* 244 Ark. 191, 424 S.W. 2d 377 [1968].)

Two members of the commission concurred in an opinion finding the claimant's permanent partial disability to be 45% to the body as a whole. The third members considered that figure to be too high. By direct appeal from the circuit court's affirmance the employer and insurance carrier argue that the award is too high. By cross appeal the claimant

argues that it is too low.

We think the case to be governed in principle by decisions such as *Fulbright* v. *Phipps*, 176 Ark. 356, 3 S.W. 2d 49 (1928). In *Fulbright* the conflicting testimony in a suit upon a promissory note would have supported a verdict either for the full amount of the note or for nothing at all. The jury, however, awarded only half the amount of the note. Recognizing that the partial verdict doubtless resulted from a compromise in the jury room, we affirmed the award as being supported by substantial evidence. We later applied the same rule in an action for disability benefits under an insurance policy. *Alexander* v. *Mutual Benefit Health & Acc. Assn.*, 232 Ark. 348, 336 S.W. 2d 64 (1960).

In a case such as the one now before us the members of the commission, like the jurors in an action at law, must sometimes modify their individual views in order to reach a majority opinion. Under the *Fulbright* principle such a compromise award is supported by substantial evidence if it falls within the range of choice supported by the proof. We cannot increase or decrease the award without substituting our judgment for that of the commission with regard to the very issue of fact which was before that tribunal. Such a step is not within our province under the workmen's compensation law.

Affirmed on direct and cross appeal.

We agree. HARRIS, C.J., and FOGLEMAN and HOLT, JJ.