Charles McVAY and Patricia A. McVAY, Husband
and Wife *v.* J. B. COWGER

82-93                                             635 S.W.2d 249

Supreme Court of Arkansas
Opinion delivered June 21, 1982
[Rehearing denied July 19, 1982.]

*J. L. Hendren,* for appellants.

*Laws & Swain, P.A.,* by: *William S. Swain,* for appellee.

ROBERT H. DUDLEY, Justice. Appellee was burning
stumps on his land when the fire got out of control and
destroyed appellants' house and most of their possessions.
The appellants brought suit asking $75,000 in damages but
the jury gave them a verdict for only $7,500. Their motion
for a new trial alleging insufficiency of damages was denied.
This appeal is from that denial and comes to this court as a
tort action pursuant to Rule 29 (1) (o). Appellants's sole
point of appeal is stated as follows:

> The trial court erred, as a matter of law, in denying
> appellants' motion to set aside the jury's verdict on
> damages and in denying appellants a *new trial on the
> issue of damages.* [Emphasis supplied.]

Appellants' opening sentence in their statement of the case
is:

> This is an appeal from the lower Court's denial of
> appellants' motion to set aside that portion of a jury
> verdict relating to damages and for a new trial on the
> issues of *damages alone.* [Emphasis supplied.]

The final paragraph of their conclusion is:

> Appellants urge this Court to reverse the decision of the lower Court in which the motion for new trial was denied, and to enter its order setting aside that portion of the jury verdict awarding damages of $7,500.00 and order a new trial *on that issue alone.* [Emphasis supplied.]

Thus, appellants do not ask for a new trial but seek to limit the scope of appellate review in order that they can avoid the hazards of a complete new trial and, if remanded upon the condition asked, have the jury only assess damages with the law of the case being that $7,500 is an inadequate verdict. We do not allow such a course. Because we cannot grant the relief asked, the lower court must be affirmed.

" . . . In law cases the verdict is an entity which we cannot divide by affirming the finding of liability and yet remanding the cause upon the issue of damages." *Manzo v. Boulet,* 220 Ark. 106, 246 S.W.2d 126 (1952), citing *Martin v. Street Improvement District No. 349,* 180 Ark. 298, 21 S.W.2d 430 (1929). This has long been our law. *Krummen Motor Bus & Taxi Co.* v. *Mechanics' Lumber Co.,* 175 Ark. 750, 300 S.W. 389 (1927); *Martin v. Kraemer,* 172 Ark. 397, 288 S.W. 903 (1926); *Bothe* v. *Morris,* 103 Ark. 370, 146 S.W. 1184 (1912); *Carroll v. Texarkana Gas & Electric Co.,* 102 Ark. 137, 142 S.W. 586 (1912); and *Dunbar* v. *Cowger,* 68 Ark. 444, 59 S.W. 951 (1900).

As a matter of law we cannot grant the only relief asked on appeal and, therefore, the lower court is affirmed.