### Jean S. ROY and Eugene ROY *v.* Roger D. ATKINS and THE DARRAGH COMPANY

82-121                                         637 S.W.2d 598

Supreme Court of Arkansas
Opinion delivered July 19, 1982

*James D. Sprott,* for appellants.

*Mel Sayes* and *Tom Forest Lovett, P.A.,* by: *Mel Sayes,* for appellees.

STEELE HAYS, Justice. Appellants, husband and wife, filed suit to recover for Ms. Jean Roy's personal injuries and Mr. Eugene Roy's property damage, sustained as the result of an automobile collision. The appellees admitted liability and the jury rendered a verdict in the amount of $2,500.00 for the injuries of Ms. Roy and $2,000.00 for Mr. Roy. The single issue on appeal is whether the trial court erred in instructing the jury to disregard Mr. Roy's testimony regarding a list of medical expenses totaling $2,977.74 because it was not supported by sufficient evidence. We cannot say the evidence was admissible as a matter of law and, accordingly, we sustain the trial court.

At trial the appellants offered no medical testimony nor did they introduce any medical bills, drug bills, receipts or cancelled checks. The only medical evidence was from the appellees. Dr. William Blankenship testified that he found no objective evidence that Mrs. Roy sustained any permanent impairment as a result of the accident. (T. 85) Mr. Roy testified that he and his attorney had compiled a list of expenses incurred by Mrs. Roy using receipts and cancelled checks; however, neither he nor his attorney produced them at the trial. On cross-examination Mr. Roy admitted that this list included expenses for drugs for his entire family, not just for his wife. (T. 57) The list was not introduced into evidence nor was it itemized by Mr. Roy's testimony. He simply stated his wife's medical expenses attributable to the accident totaled $2,977.74. Upon appellees' motion to strike, the trial court directed the jury:

> Ladies and gentlemen, you are instructed by the Court, that you are to disregard the testimony of the last

witness, with regard to the incurrence of medical bills and expenses, in the amount of two thousand nine hundred seventy seven dollars and seventy four cents ($2,977.74).

Appellants correctly state that the reasonableness and necessity of medical expenses are questions of fact to be decided by a jury. *Blissett* v. *Frisby,* 249 Ark. 235, 458 S.W.2d 735 (1970). Appellants contend the trial court improperly withheld from the jury the question of the reasonableness and necessity of medical expenses. The fallacy of the argument is that the trial court's action here did not withhold from the jury all evidence of medical expenses but instructed the jury to disregard only Mr. Roy's testimony concerning medical expenses because a sufficient foundation had not been laid. In *Blissett, supra,* Justice Fogleman stated at 247:

> We also believe that the trial judge has some discretion in deciding whether there is sufficient foundation for the admission of testimony giving the amount of certain expenditures. . . .

We recognize that expert testimony by a physician is not necessary in every case to prove the reasonableness and necessity of medical expenses of an injured plaintiff. *McCullough* v. *Ogan,* 268 Ark. 881, 596 S.W.2d 356 (1980). Appellants interpret the ruling of the trial court as a breach of that rule, but we disagree. Mr. Roy failed to itemize the expenses by physician, or as to medication, or type of service, he simply presented a total amount of $2,977.74. He was unable to verify the figure and he acknowledged that it included expenses not properly recoverable from the appellees. We think the trial court found, correctly, that Mr. Roy's testimony failed to provide a sufficient foundation in support of his wife's medical expenses. It is within the trial court's discretion to determine if the witness's foundation is sufficient to support his testimony. *Blissett* v. *Frisby, supra.*

Appellants argue that the trial court denied the jury the right to consider any medical expenses. But we disagree. The appellants failed to proffer an instruction which included

medical expenses as an element of her damage, even though they had presented evidence by Ms. Roy that her expenses were between 2,000 and 3,000 dollars, which would have warranted such an instruction. Had an instruction covering medical expenses been proffered by the appellants it would have been reversible error to deny it. However, it was appellants' duty to tender such an instruction to the trial court before claiming error. *Christensen* v. *Dady*, 238 Ark. 577, 383 S.W.2d 283 (1964).

The judgment is affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. I am shocked by the majority opinion in this case. I have never found any jurisdiction, including Arkansas, which prohibited a person from giving oral testimony about medical expenses incurred as a result of a personal injury. In order to reverse a case it is my understanding that we must stick with the abstract and arguments presented by opposing sides. I have adhered to this standard in this dissent. Mr. Eugene Roy testified that the medical expenses alone totaled $2,977.74 and that the above amount represented bills to doctors and hospitals that his spouse had testified about earlier. He stated also that he expended the sum of $150 to hire a wrecker to return the car to his residence. Additionally, he said they had traveled 3,200 miles during this time as a direct result of the consequences of the accident and figuring the operation of his vehicle at 15 cents a mile this amounted to $480. He stated that the vehicle involved in the accident was worth $1,900 immediately before the accident and it had no value at all after it was demolished in the collision. On cross-examination the appellees' attorney asked:

> Question: You have testified to a list of damages there, medical expense and what not, totaling some $2900, and also some transportation expenses. Do you have any statements from any of the doctors to document these amounts?

> Answer: My lawyer has.

Question: Could I see them, please?

Answer: Haven't you got the statements?

\* \* \*

Question: Do you have any cancelled checks, where you paid those charges?

Answer: No, sir, I have them at home.

Question: Not here today?

Answer: Not here today.

There is absolutely no question in my mind but that this was proper testimony and it was for the jury to determine the credibility and value of the testimony. Following Eugene Roy's testimony the court made the following statement:

> Ladies and gentlemen, you are instructed by the court, that you are to disregard the testimony of the last witness, with regard to incurrence of medical bills and expenses, in the amount of $2,977.74.

I think the reason for the scarcity of cases on this subject is that practically no court in the United States would consider excluding such testimony. The defense certainly had the opportunity to present evidence showing the reasonableness of the various items mentioned in the testimony of Mr. Roy. We stated in the case of *Lynch* v. *East Arkansas Builders' Supply Co.*, 193 Ark. 1004, 104 S.W.2d 205 (1937):

> ... the testimony of a party interested in the suit is not to be considered as undisputed, but the question must be submitted to the jury.

We have also held in the case of *Blissett* v. *Frisby*, 249 Ark. 235, 458 S.W.2d 735 (1970), that:

A defendant who conceives that expenses incurred for

medical treatment are unreasonable certainly may, and probably should, offer evidence to support his view . . . [and] the reasonableness and necessity of any expenditure for medical treatment is a question of fact for the jury (or a judge sitting as trier of the facts).

I know of no rule of law or statute which requires a plaintiff to introduce the actual medical bills and statements into the record and to prove the reaonableness of same. Testimony is left to the wisdom of a jury to determine its properness, credibility and whether it was necessary in the circumstances of the case.

I would reverse and remand for a new trial.