SPRING CREEK LIVING CENTER *v.* Vivian SARRETT

94-454                                    890 S.W.2d 598

Supreme Court of Arkansas
Opinion delivered January 17, 1995

*Anderson & Kilpatrick*, by: *Overton S. Anderson* and *Frances E. Scroggins*, for appellant.

*David Hodges* and *Paul Schmidt*, for appellee.

ROBERT H. DUDLEY, Justice. Appellee Vivian Sarrett was a ninety-five-year-old resident of the Spring Creek Living Center, a geriatric care facility, when employees of Spring Creek lost control of her wheel chair and dropped her. Mrs. Sarrett filed

suit and alleged ordinary negligence by employees of Spring Creek and Southern Key Investments, Inc. in dropping her. After first denying liability, Spring Creek and Southern admitted that Mrs. Sarrett's injuries were the proximate result of negligence by the employees of Spring Creek.

Mrs. Sarrett amended her complaint to add a second count for conspiracy by employees and representatives of Spring Creek to withhold appropriate medical treatment from her. Still later, a second amendment added a third count for failure of Spring Creek to provide appropriate medical treatment after the injury.

Spring Creek and Southern moved to sever the allegations of conspiracy and failure to provide medical treatment from the claim for ordinary negligence in dropping the wheel chair. The motion was denied. A motion in limine to bar the introduction of lay testimony about the withholding of medical care was also denied. The trial court ruled that the allegations did not involve medical injuries, but instead involved only ordinary negligence for which lay opinion would suffice.

In the course of the trial the judge directed a verdict for Southern on all counts and directed a verdict for Spring Creek on the conspiracy count. The trial court denied Spring Creek's motion for a directed verdict for failure to provide medical care to the plaintiff. The trial court reasoned that there was no separate medical malpractice claim apart from the ordinary negligence claim. At this point in the trial Southern was dismissed from all counts, and Spring Creek was dismissed on the conspiracy count. Spring Creek remained in the suit on the ordinary negligence count and the failure to provide medical care count because the trial court had ruled that these two counts were both for ordinary negligence. At the close of the case Spring Creek offered an instruction on medical malpractice, but the trial court refused to give it. The jury returned a verdict of $30,000 on behalf of Mrs. Sarrett. Spring Creek appeals. We reverse and remand.

Appellant argues that allegations raised by the amendments to Mrs. Sarrett's complaint involved medical injury within the Medical Malpractice Act. *See* Ark. Code Ann. § 16-114-201(3) (1987). The amended complaint alleged that Spring Creek and Southern "failed and neglected to provide [Mrs. Sarrett] with any medical treatment" and that certain conditions could have

been diagnosed earlier but for the "neglect and intentional refusal" of agents and employees of Spring Creek and Southern to provide competent medical care.

Section 16-114-201(3) defines "medical injury" broadly:

> "Medical injury" or "injury" means any adverse consequences arising out of or sustained in the course of the professional services being rendered by a medical care provider, whether resulting from negligence, error, or omission in the performance of such services; or from rendition of such services without informed consent or in breach of warranty or in violation of contract; or from failure to diagnose; or from premature abandonment of a patient or of a course of treatment; or from failure to properly maintain equipment or appliances necessary to the rendition of such services; or otherwise arising out of or sustained in the course of such services.

Ark. Code Ann. § 16-114-201(3) (1987). It follows that claims based on allegations of a failure to provide needed medical care and attention or the timely diagnosis of medical problems come within the ambit of the Medical Malpractice Act and are dependent upon expert testimony. Ark. Code Ann. § 16-114-206(a) (1987); *Courteau* v. *Dodd*, 299 Ark. 380, 773 S.W.2d 436 (1989); *Sexton* v. *St. Paul Fire & Marine Ins. Co.*, 275 Ark. 361, 631 S.W.2d 270 (1982). The trial court erred in permitting the issues raised by the medical malpractice amendment to rest on lay testimony, and it was error to refuse to grant a directed verdict on the medical malpractice count.

■ Mrs. Sarrett asks us to affirm the judgment on the ground that the trial court reached the right result, albeit for the wrong reason, because it refused to give the malpractice instruction, and, consequently, the jury never considered an award for medical malpractice. We cannot affirm on such a basis. Richard Tockman, Mrs. Sarrett's son-in-law, testified on her behalf that the medical care she received from Spring Creek changed dramatically for the worse after her fall. He cited as an example the fact that her pain medication was withheld from her. There was also testimony that Dr. Jerry Chapman, a radiologist and alleged agent of Spring Creek, cancelled necessary x-rays of Mrs. Sar-

rett. There was further testimony that Mrs. Sarrett stayed in bed for almost a year under the care of Spring Creek while complaining about shoulder, hip, and thigh problems. Yet, no treatment for those conditions was provided. In closing argument, Mrs. Sarrett's counsel remarked:

> Now, what's it worth to have an injury for almost a —from January until December, laying in bed with all the problems she had? I say it's over a Hundred Thousand Dollars. Now, if you disagree with me, you think [sic] what you think is fair. I say anything less than a Hundred wouldn't be fair in this case.

An instruction was given asking the jury to make a determination of whether Dr. Chapman was an agent of Spring Creek in his care of Mrs. Sarrett, and the jury answered in the affirmative. The above evidence, counsel's argument, and the finding by the jury are not associated with damages resulting from Sarrett's fall, but rather are connected with the assertions of failure to provide adequate medical care.

In a related argument, Mrs. Sarrett asks us to affirm the erroneous submission of the medical malpractice count because Spring Creek never obtained a ruling to show the prejudicial impact on the jury. We cannot so resolve the issue under the facts of this case. Spring Creek moved *in limine* to have the negligence claim and the malpractice claim severed and argued that combining the two counts would poison the minds of the jurors. The trial court denied the motion and allowed a continuing objection on the issue. Spring Creek next moved for a directed verdict on the medical malpractice claim, and the trial court also denied this motion. Spring Creek followed by asking for the court to instruct the jury on medical malpractice so as to distinguish the claim from the negligence issue. Again, the trial court refused to do so. In sum, Spring Creek took a number of procedural steps to separate the medical malpractice claim from the ordinary negligence claim, and the trial court denied each. After the jury returned the verdict, appellant could not question the jurors "as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon his or any other juror's mind or emotions as influencing him to assent to or dissent from the verdict." A.R.E. Rule 606(b). There was noth-

ing more Spring Creek could do to show prejudice. Thus, we have no hesitancy in reversing on this point of appeal.

■■ Since appellant admitted liability in its pleadings, the issue becomes whether we should generally remand or remand only for a determination of damages. In *McVay* v. *Cowger*, 276 Ark. 385, 386, 635 S.W.2d 249, 250 (1982), we set out our general rule as follows:

> "In law cases the verdict is an entity which we cannot divide by affirming the finding of liability and yet remanding the cause upon the issue of damages." *Manzo* v. *Boulet*, 220 Ark. 106, 246 S.W.2d 126 (1952), citing *Martin* v. *Street Improvement District No. 349*, 180 Ark. 298, 21 S.W.2d 430 (1929). This has long been our law. *Krummen Motor Bus & Taxi Co.* v. *Mechanics' Lumber Co.*, 175 Ark. 750, 300 S.W. 389 (1927); *Martin* v. *Kraemer*, 172 Ark. 397, 288 S.W. 903 (1926); *Bothe* v. *Morris*, 103 Ark. 370, 146 S.W. 1184 (1912); *Carroll* v. *Texarkana Gas & Electric Co.*, 102 Ark. 137, 142 S.W. 586 (1912); and *Dunbar* v. *Cowger*, 68 Ark. 444, 59 S.W. 951 (1900).

Further, when a case is remanded for a new trial, all of the issues that have not been dismissed are open anew as if there had been no trial, and the parties have a right to amend their pleadings. *Overton Constr. Co.* v. *First State Bank*, 285 Ark. 361, 688 S.W.2d 268 (1985). Although it is unlikely, appellant may wish to file new pleadings in which it does not admit liability. Thus, we issue a general remand for retrial of the ordinary negligence count.

We discuss only two of the other points of appeal, and we discuss them only for the guidance of the trial court and counsel on remand. Appellant contends that the proof of expenses was insufficient to submit the issue of out-of-pocket expenses to the jury on the ordinary negligence count. Over the objection of appellant, Mrs. Sarrett's daughter testified that she received a hospital bill of between $5,000 and $6,000 for her mother's hospitalization following the injuries and that she received a bill of $300 from a physician. She testified the bills totalled $9,000. No bills were introduced.

The underlying requirement for the recovery of medical expenses is that they are both reasonable and necessary. They

must, of course, be attributable to the injuries complained of. *Bell* v. *Stafford*, 284 Ark. 196, 680 S.W.2d 700 (1984); *Roy* v. *Atkins*, 276 Ark. 586, 637 S.W.2d 598 (1982). Presumably, on retrial the proof will relate more specifically to the necessity and reasonableness of expenses attributable to the injuries.

Last, Spring Creek, as a point of appeal, contends that the trial court erred in failing to rule on its motion for sanctions under Rule 11 of the Arkansas Rules of Civil Procedure. Upon remand, the trial court should rule on the matter.

For the reasons stated, the judgment appealed from is reversed, and the cause is remanded to the trial court on the ordinary negligence count for further proceedings.