FAY L. TUEL v. NATIONAL CENTRAL LIFE INSURANCE CO.

4644                                     433 S.W. 2d 369

Opinion Delivered November 11, 1968

*Tom Gentry* for appellant.

*Gannaway & Darrow* and *Lance Hanshaw* for appellee.

CONLEY BYRD, Justice.   This is a second suit by appellant Fay L. Tuel on a disability policy issued by appellee National Central Life Insurance Company, this suit being for continuous disability benefits alleged to have accrued at the rate of $150 per month after March 22, 1967.   Appellant had earlier sued appellee for benefits accruing from April 15, 1964 (the date of the accident giving rise to the disability) to March 22, 1967, which resulted in a jury verdict of $600.   The sole issue here is whether the prior judgment is conclusive of the total disability issue in the present action.   The trial court held that the $600 judgment was *res judicata*.

Part Two and Part Three of the insurance policy sued upon provide:

"Part Two — TOTAL DISABILITY CONFINE-MENT BENEFITS FOR LIFE

If "such injury" as is described in the Insuring Clause, independently of all other causes, shall within twenty-four hours from and after the date of the accident render the Insured totally and continously disabled and prevented from performing any and every duty pertaining to any business, household duty, or occupation, or if a Minor, prevented from attending school or engaging in any recreational activity, but as a direct result thereof shall necessarily continuously and totally confine the Insured within doors, while requiring regular treatment therein by a legally qualified Medical or Osteopathic physician or surgeon, then the Company will pay to the Named Insured, commencing with the first treatment by a physician or surgeon, an indemnity for one day or more at the rate of One Hundred Fifty Dollars ($150.00) per month, even for life, so long as such total disability and total confinement is continuous.   Benefits payable under this part are in lieu of benefits under Part One and if hospital confined, benefits under this

Part Two are payable in addition to benefits payable under Part Three.

Part Three — TOTAL DISABILITY HOSPITAL CONFINEMENT BENEFITS

If "such injury" as is described in the Insuring Clause, independently of all other causes, shall within twenty-four hours from and after the date of the accident render the insured totally and continuously disabled, and as a result thereof thereby shall necessarily continuously and totally confine the Insured within a hospital while requiring regular treatment within the hospital by a legally qualified Medical or Osteopathic physician or surgeon, then the Company will pay benefits to the Named Insured, commencing with the first treatment by a physician or surgeon, an indemnity for one day or more, resulting from any one accident, at the rate of Ten Dollars ($10.00) per day for a period not to exceed Fifty Days. Benefits payable under this Part are in lieu of benefits under Part One and shall be payable in addition to benefits payable under Part Two."

The complaint in the prior action sought judgment from the insurer for $150 per month from April 15, 1964 through August 2, 1964, and from August 13, 1964 to the date of trial. For the period of August 2 to August 13, 1964, Mrs. Tuel sought compensation at the rate of $170 per week because she was hospitalized. The insurer's answer admitted the issuance of the policy and denied all other matters. However, the trial court submitted three issues to the jury as follows:

"COURT'S INSTRUCTION NO. 1: If you find from a preponderance of the evidence that Mrs. Tuel sustained injuries directly and solely resulting from an automobile collision while an occupant of an automobile, and that within twenty-four hours

thereafter such injuries rendered Mrs. Tuel totally and continuously disabled from April 15, 1964 to the present time and rendered her unable to perform any and every household duty as explained in these instructions and that as a direct result of such injuries Mrs. Tuel has been necessarily, continuously and totally confined within doors as explained in these instructions and that as a direct result of such injuries Mrs. Tuel has required regular treatment by a qualified physician and that such disability and confinement as explained in these instructions has been continuous from the 15th day of April, 1964, to the present time, then your verdict will be for the plaintiff in the amount of $5,290.00.''

"COURT'S INSTRUCTION NO. 2: If you find that the plaintiff has been disabled and confined as set out in these instructions *but is no longer so disabled and confined as described in these instructions, then you may find for her in the amount of $150 per month for so long as you find her to be so disabled and confined as defined in these instructions.''* (Emphasis ours.)

"COURT'S INSTRUCTION NO. 3: If you find that the plaintiff has not met the requirements of the policy as defined in these instructions, then you will find for the defendant.''

The jury's verdict upon which judgment was entered read: "We, the jury, find for the plaintiff Fay L. Tuel, and assess her damages at $600.00.''

Appellant, relying upon *Aetna Life Insurance Company of Connecticut* v. *Martin,* 108 Fed. 2d 824 (1940), contends that a general verdict for less than the face amount of an insurance policy containing stipulated monthly payments while totally disabled for a certain period of time will not support a plea of *res judicata*

when a subsequent suit is brought concerning a period of time which accrued after the time litigated in the first. In connection therewith appellant suggests that the partial jury award in the first Tuel case may have been the result of a compromise in the jury room recognized by this court in *Fulbright* v. *Phipps,* 176 Ark. 356, 3 S.W. 2d 49 (1928), and *Alexander* v. *Mutual Benefit Health and Accident Assn.,* 232 Ark. 348, 336 S.W. 2d 64 (1960).

Had the first suit been submitted to the jury solely on the issues of total disability and denial thereof as framed by the pleadings, we would be inclined to agree with appellant that a jury's partial award would not be *res judicata.* However, such is not the situation here, for the jury clearly had three alternatives under the issues framed by the court's instructions—i.e., (1) to find total disability for the full period; (2) to find that Mrs. Tuel had been totally disabled, but was no longer totally disabled; ahd (3) to find that Mrs. Tuel was not disabled at all. When the jury returned a verdict in accordance with the second theory submitted to them, we, like the trial court, can only conclude that the jury must have found that Mrs. Tuel had recovered from the disability which she sustained April 15, 1964.

It has been suggested that in determining the issue of *res judicata* we are limited to the pleadings filed and the judgment entered. To so hold would not only ignore Ark. Stat. Ann. § 27-1160 (Repl. 1962), which permits the trial court to consider the pleadings amended to conform to the proof, but would also be contrary to our adjudicated cases. See *Carrigan* v. *Carrigan,* 218 Ark. 398, 236 S.W. 2d 579 (1951), upholding the examination of the transcript in the former trial.

In holding the first action conclusive of the total disability issue in the second action, we do not find ourselves in disagreement with *Aetna Life Insurance Co., supra.* The policy here, unlike the policy in *Aetna,* re-

quires a continuous disability commencing within 24 hours after the date of the accident and the jury was so instructed. In the *Aetna* case, the continuous disability had only to commence before age 60 and the commencement date was unimportant to the lawsuit except as to the amount of recovery.

In *Fulbright* v. *Phipps, supra,* the verdict rendered was not consistent with any theory submitted to the jury. Here the jury's verdict on the first trial was thoroughly consistent with the second theory submitted to them—i.e., the first verdict was in exact multiples of the $150 monthly payment. Under the circumstances we agree with the trial court that the first action was *res judicata.*

Affirmed.